[No. 21. Decided January 24, 1890.]

## J. WILSON PAXTON v. ARTHUR DANIELL.

PROCESS — SERVICE BY PUBLICATION — JURISDICTION OVER NON - RESIDENTS.

A judgment rendered against a non-resident defendant, no property of the defendant having been brought under the control of the court, without personal service upon him, or his voluntary appearance, is void.

A special appearance by a non-resident defendant, for the purpose of making a motion to set aside the judgment and default entered against him, does not waive any jurisdictional rights.


*Appeal from District Court, Pierce County.*

Action by appellee on promissory note against Joseph E. Shaw, and appellant herein as guarantor.   December 18, 1888, appellee filed with the clerk of the district court his affidavit that appellant had departed from Washington Territory, and could not be found therein.   Summons was duly issued and published, and thereafter a default was entered against appellant, and judgment thereon was filed upon the 9th day of March, 1889.   On the 12th day of March, 1889, appellant made, through his attorneys, a special appearance, and moved the court to set aside the judgment against him, for the reason that he had never been served with process, and that said default and judgment were rendered against him contrary to law.   Said motion was conditionally allowed by the court, the condition being that defendant Paxton answer upon the merits of said case within ten days, to which defendant excepted, and now brings this appeal.


*Carroll, Coiner & Davis,* for appellant.

Jurisdiction of the person of the defendant can only be obtained in a civil action by service of process on his person within the district where the suit is instituted, and process from the tribunals of one state cannot run into another state and summon a party to respond to proceedings against him in such tribunals.   There can be no jurisdiction in a court of a territory to render a personal judgment against any one upon service made outside its limits.   *Chaffee v. Hayward,* 20 How. U. S. 208; *Toland v. Sprague,* 12 Pet. U. S. 200; *Pennoyer v. Neff,* 95 U. S. 714; *Harkness v. Hyde,* 98 U. S. 476.

*R. F. Hensill,* for appellee.

The courts of a state will give effect to the service made as directed by its statutes.    The service by publication, as in the present instance, is valid.    *Hart v. Sansom,* 110 U. S. 555; *Kennedy v. New York Life Ins. Co.,* 101 N. Y. 487; *McCauley v. Fulton,* 44 Cal. 360; *Eitel v. Foster,* 39 Cal. 441; *Barbaries v. Gregory,* 64 Cal. 231; *Emeric v. Alvarado,* 64 Cal. 530; *Mutual Life Ins. Co. v. Pinner,* 10 Atl. Rep. 184; *Palmer v. McCormick,* 30 Fed. Rep. 15.

The opinion of the court was delivered by

DUNBAR, J. — In this case the essential question to be considered, and the one on which the case hinges, is the validity of a judgment rendered against a non-resident defendant, by the publication of a summons where no property of the defendant is brought under the control of the court.

It is not shown by the record in this case that any attachment had been served upon the property of the defendant or had been issued in the case.    In fact, it is admitted by the argument that no property has been brought under the control of the court.

Statutes providing the mode for acquiring jurisdiction of a defendant by publication of a summons, being in derogation of the common law, must be strictly followed in any case in order to give the court jurisdiction over the person of the defendant.    And we are of the opinion that the law is well settled that such statutes are not effective excepting where the action is for the purpose of affecting the *status* of the defendant; and that the tribunals of a state have no authority to adjudicate upon the obligations of non-residents where they have no property within its limits; and that a judgment rendered against non-residents, without personal service of process upon them, or their voluntary appearance, where the suit is merely *in personam,* is

void. *Pennoyer v. Neff*, 95 U. S. 714; *Harkness v. Hyde* 98 U. S. 476; 3 Estee Pl. 9.

The case at bar seems to us, as far as the record discloses, to fall within this rule. We do not think that the appearance made by the defendant in the court below was such an appearance as would waive any jurisdictional rights, and that it must be held to be a special appearance for the purpose of making a motion that he was entitled under the law to make. It therefore follows that the judgment of the court below must be reversed, and this cause is remanded to the court below for action in accordance with this decision.

ANDERS, C. J., and STILES, SCOTT and HOYT, JJ., concur.