[No. 2633.  Decided December 30, 1897.]

I. S. SMITH, *Appellant*, v. W. G. CULLEN *et al.*, *Respondents*.

ASSIGNMENT FOR BENEFIT OF CREDITORS — IN CUSTODIA LEGIS — ASSIGNEE NOT SUBJECT TO GARNISHMENT.

When an assignment for the benefit of creditors has been made by an insolvent firm, authority and control over the property are

conferred by law upon the court, and the assignee is not subject to garnishment on the ground that he is in possession of the debtors' property under an invalid assignment.

Appeal from Superior Court, Walla Walla County.— Hon. WILLIAM H. UPTON, Judge. Affirmed.

*Miles Poindexter,* and *C. M. Rader,* for appellant.

The opinion of the court was delivered by

REAVIS, J.—Goettinger, appellant Smith's predecessor in this case, commenced an action in the superior court of Walla Walla county, December 27, 1895, against Smith & Massam, co-partners, to recover $6,763 upon account for merchandise sold and delivered, and on the same day procured a writ of garnishment against respondents as garnishee defendants in the action, alleging that they held goods belonging to Smith & Massam. Respondents denied that they had in their possession any property belonging to Smith & Massam. On February 26, 1896, final judgment was rendered in favor of respondents as garnishees, dismissing the garnishment. From this judgment I. S. Smith, who was substituted for Goettinger, appeals.

It appears from the record at the trial that S. W. Smith and Edward F. Massam were co-partners doing a general mercantile business in Walla Walla, and that on the 30th day of December, 1896, they executed an assignment to W. G. Cullen, one of the respondents, of all their co-partnership property and effects. The instrument recites that the firm was indebted to various parties in divers sums of money, which it was unable to pay, and was desirous of providing for the payment thereof by an assignment of all the co-partnership property and effects to the end that the creditors of the firm should be paid in proportion to their respective claims. It is recited to be made in trust to Cullen, to sell and dispose of all the property and to collect the

choses in action, using a reasonable discretion as to the times and modes of selling and disposing of said estate as respects making sales for cash or on credit at public auction or by private contract, and with the right to compound for the said choses in action, taking a part for the whole, where the trustee deemed it expedient to do so; and then provision is made for the payment of the proceeds to all the creditors of the firm in proportion to their respective debts, setting out the names and amounts due each of the creditors as far as practicable, and annexing a schedule of the same thereto. Cullen then accepted the trust under the assignment. The property assigned was immediately delivered to Cullen, who was in possession of the same, and had proceeded in the administration of his trust, and a considerable number of the creditors had accepted the assignment, when the garnishment was issued in behalf of appellant. Cullen was not a creditor of the firm of Smith & Massam. The appellant's predecessor, Goettinger, at the time of the issuance of the garnishment knew of the assignment, and that Cullen was in the possession of the property, claiming the same under the terms of the assignment. Appellant did not elect or agree to take under the assignment.

Appellant maintains that the assignment was void because it was not acknowledged, but the answer to that is that Cullen was in possession of all the property assigned, and that the appellant had actual knowledge of the assignment and its terms. Appellant also contends that the assignment was void because it authorized sales on credit in the discretion of the assignee. It may be observed that when the trust was assumed by Cullen, and possession taken of the property, his administration of the trust thereafter was under the jurisdiction of the superior court, and

any further act as to the assigned property was in the custody of the law.

We think the questions presented here were completely determined in the case of *Hamilton-Brown Shoe Co. v. Adams*, 5 Wash. 333 (32 Pac. 92). The court there observed:

"But the deed of assignment simply inaugurates the proceedings, and when the court obtains jurisdiction of the proceedings it obtains complete jurisdiction. Authority and control over the property are conferred by law upon the court. The insolvent yields to the jurisdiction of the court when he files his deed of assignment. From this time until the final settlement of the estate the court makes orders concerning the control and distribution of the property which are judicial in their nature."

The judgment is affirmed.

SCOTT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.