[No. 2710. Decided February 18, 1898.]

BENTON EMBREE, *Appellant*, v. WILLIAM McLENNAN, *Defendant*, MARY ANN McKAY, *Respondent*.

APPEALABLE ORDER — OBJECTIONS TO NOTICE OF APPEAL — MERITS OF ACTION NOT REVIEWABLE ON MOTION TO QUASH SUMMONS.

An order of the court quashing a summons is appealable, under Laws 1893, p. 119, § 1, subd. 6 (Bal. Code, § 6500), when it appears that such order was based upon the court's opinion that, upon the merits of the action, the plaintiff could not prevail.

Where a supplemental transcript filed by appellant shows that a second notice of appeal sufficient in all respects was duly served and filed, an objection that the proof of service of notice of ap-

peal as set out in the original transcript is inadequate, is without merit.

A court has no power to determine the merits of a cause of action upon a motion to quash the summons, but when the objections raised to the action are other than those relating to the sufficiency of the summons and the regularity of its service, they should be raised by answer or demurrer.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Reversed.

*Benton Embree*, for appellant.
*Trumbull & Trumbull*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This is an appeal from an order of the superior court of Clallam county, quashing the summons and the service thereof. Respondent moves to dismiss the appeal for two reasons: (1) That the order attempted to be appealed from is not an appealable order; and (2) That there is no proof of service of the notice of appeal upon the respondents, in this, that what purports to be an affidavit of service of the notice of appeal is subscribed and sworn to before the appellant as a notary public. Concerning the first ground, it is extremely doubtful if an appeal would lie from an order quashing a summons where the action of the court was based upon some imperfection in the summons itself, such as a material departure from the form prescribed, or for insufficiency of service and the like, but in the present case it fairly appears from the record and the arguments of counsel that the order appealed from was entered because the court was of opinion that upon the merits of the action the plaintiff could not prevail. Under such circumstances it is manifest that unless a right to appeal exists, plaintiff is without a remedy.

Subdivision 6 of section 1, ch. 61, p. 119, Laws 1893 (Bal. Code, § 6500), allows an appeal

"From any order affecting a substantial right in a civil action or proceeding, which in effect determines the action or proceeding and prevents a final judgment therein."

Such was the character and effect of the order from which this appeal was taken.

As to the second ground of motion it appears from a supplemental transcript—which under the statute appellant is permitted to bring to this court—that a second notice of appeal sufficient in all respects was duly served and filed, and the objection to the first or former notice can not avail. The motion to dismiss must be denied.

Upon the merits we are of the opinion that the court erred in granting respondent's motion. It appears that in the month of July, 1896, the plaintiff, who is an attorney at law, commenced an action in the superior court of Clallam county to recover of William McLennan and Mary Ann MacKay, defendants therein, a balance due for professional services, amounting to the sum of four hundred and forty dollars; that service of the summons and complaint in said action was duly made upon the defendant McLennan on the 4th day of July, 1896; that the defendant so served made default, and that on October 27, 1896, judgment was entered against him. On the 30th day of March, 1897, another summons issued in the action and together with a copy of the complaint therein was duly served on the respondent MacKay. On the 19th of April, 1897, respondent appeared specially and moved the court to quash the summons and service upon the respondent for several reasons, those requiring notice being as follows: That it appears that in the original suit judgment was not entered against this defendant; that it does not appear that the defendants in the original proceeding were jointly indebted upon an obligation, as provided by the statute in such cases; that during all the time that the said original suit

was pending in this court the defendant Mary Ann Mac-Kay, was a resident of Port Angeles, and was not absent therefrom and could have been served at any time with summons in the original cause.

Said motion was based upon the records and files in the cause, and upon the affidavit of respondent showing that she had resided within the county of Clallam during the entire time that the action was pending.

It is recited in the statement of facts:

" That on the thirtieth (30th) day of March, 1897, summons was signed and issued by the plaintiff and on said day *personally served upon* the said *defendant, Mary Ann MacKay*, in Clallam county, state of Washington, and *said summons, together with due proof of service thereof as aforesaid, upon said Mary Ann MacKay, was filed* in this cause on the 30th of March, 1897; which summons is in the following words, to-wit:"

Then follows a summons in the usual statutory form, and against which the record does not suggest any objection. Proceeding, the statement recites:

" That with said summons a true copy of the complaint in said action was served upon said defendant, Mary Ann MacKay, in said county of Clallam, and that due proof of service thereof was made and filed herein on said 30th of March, 1897."

The statement then sets forth a copy of the motion to quash the summons, and the service thereof, and concludes with the following:

" That on the 14th day of May, 1897, the said motion of the said defendant to quash said summons and the service thereof, came on for hearing before the court, the parties appearing, and the court, after argument thereon, on the 28th day of May, 1897, sustained said motion and on that day made and entered herein an order accordingly."

We have made these extended references to the state-

ment of facts for the purpose of showing that the order appealed from was not made because of any objection to the *form* or *sufficiency of the summons, or to the regularity or sufficiency of the service thereof*. The conclusion necessarily follows that the court entered the order because, upon the merits, the learned judge was of the opinion that the plaintiff could not prevail in the action. This conclusion is further fortified by the course of the argument of respondent's counsel at the bar and in the brief.

We think the court committed grave error in undertaking to determine the merits of the cause upon the motion to quash. The reasons urged in support of that motion, if valid at all, should have been presented by answer or other appropriate pleading, and the practice can not be tolerated of permitting this summary disposition of causes. For the like reason we must decline to discuss the merits. Indeed, the merits can not be ascertained in the condition of the record. We are agreed that the complaint states a cause of action. There was no demurrer, no answer, no findings or verdict, and, in contemplation of law, no judicial determination of the merits. Our opinion upon that subject would therefore be advisory merely, and in the exercise of its appellate functions this court will not commit itself to such a course of practice.

The order appealed from will be reversed and the cause remanded for further proceedings.

DUNBAR, ANDERS and REAVIS, JJ., concur.