[No. 3169.  Decided April 26, 1899.]

THE DEMING INVESTMENT COMPANY, *Appellant,* v. MORTIMER ELY *et al., Respondents.*

APPEALABLE ORDER—QUASHING SUMMONS.

An order of the court sustaining a motion to quash a service of summons by publication, upon the ground that publication had not been commenced within ninety days after the filing of the complaint, as required by statute, in effect discontinues the action, and is an appealable order, under Bal. Code, § 6500, which provides that an appeal lies "from any order affecting a substantial right in a civil action or proceeding which in effect determines the action or proceeding and prevents a final judgment therein."

SPECIAL APPEARANCE—WAIVER.

A special appearance by defendant to move against the jurisdiction over his person for want of proper service by publication does not become a general appearance from the fact that he bases

one of the grounds of his motion on the fact that the action is not one wherein publication is authorized by law or in which jurisdiction *in rem* can be obtained by publication of summons, since the relief asked is consistent with a want of jurisdiction over the person.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Danson & Huneke,* for appellant:

Respondents' motion to quash is not a special but a general appearance. The first subdivision of their motion is addressed to the point of jurisdiction over the person, and, if the motion ended there, it would unquestionably be a special appearance. The second subdivision, however, calls upon the court to examine the complaint and determine if it states facts sufficient to constitute a cause of action. The addition of this subdivision deprives the whole motion of the character of a special appearance and makes it general. *Crawford v. Foster,* 84 Fed. 939; *St. Louis Car Co. v. Stillwater St. Ry. Co.,* 54 N. W. 1064; *Burdette v. Corgan,* 26 Kan. 102; *State v. Buck,* 15 South. 531.

The court would not be justified in holding service faulty, because the first publication of the *alias* summons was not made within ninety days after filing the complaint. The true rule is that where a *bona fide* attempt to serve has been made and it has failed, the action was begun at the time of the first attempted service. *Whitaker v. Turnbull,* 18 N. J. Law, 172; *Schroeder v. Merchant's, etc., Ins. Co.,* 104 Ill. 71; *Barndollar v. Patton,* 5 Colo. 46; *Dupuy v. Shear,* 29 Cal. 238; *In re Bradley's Will,* 23 N. Y. Supp. 1127; *American Central Ins. Co. v. Haws,* 11 Atl. 107; *Virginia F. & M. Ins. Co. v. Vaughan,* 14 S. E. 754; *Davis v. Ballard,* 57 N. W. 527; *Hanna v. Emerson,* 64 N. W. 229.

*Hanna & Hanna,* for respondents:

The statute requiring that plaintiff shall cause defendant to be served personally or commence service by publication, within ninety days from the date of the filing of complaint, is mandatory.    *Dupuy v. Shear,* 29 Cal. 238; *Reynolds v. Page,* 35 Cal. 296; *Linden G. M. Co. v. Sheplar,* 53 Cal. 245.

The obtaining jurisdiction by substituted service of publication of summons is purely statutory, and nothing short of a substantial compliance with the prerequisites of the statute will give jurisdiction.    *Galpin v. Page,* 18 Wall. 350 (21 L. ed. 959) ; *Pennoyer v. Neff,* 95 U. S. 714 (24 L. ed. 565) ; *Ricketson v. Richardson,* 26 Cal. 149 ; *People v. Huber,* 20 Cal. 81; *Priestman v. Priestman,* 72 N. W. 535 ; *Strode v. Strode,* 52 Pac. 161.

The opinion of the court was delivered by

REAVIS, J.—Appeal from an order granting a motion to quash return of service of summons.    October 26, 1897, appellant filed its complaint, in which it was alleged that all the defendants were non-residents of, and absent from, this state, and that they resided in the state of New York. On November 9th following, appellant applied for an order directing service of summons to be made by publication, basing the application upon an affidavit filed on that day. The order for service by publication was made and the publication of summons followed, the first publication having been made on November 12, 1897.    Within sixty days after this date, respondents appeared separately, specially, and moved to quash the return of service, on the ground that it appears on the face of the record that it was not an action wherein a publication of summons is authorized by law, or in which jurisdiction could be obtained by the publication of summons.    The motion to quash the service

of summons was sustained.    Thereupon appellant filed another affidavit for publication of summons, and commenced the publication of summons on February 12, 1898. Within sixty days after this date, respondents specially appeared separately and moved to quash the service of the summons, stating two grounds of the motion: First, that there had been no personal service of summons upon any of the defendants, and that the first publication of summons had not been made within ninety days after the filing of the complaint; second, that it appears upon the face of the complaint and the record herein that it is not an action wherein publication of summons against defendants or any of them is authorized by law, or in which jurisdiction *in rem* can be obtained by publication of summons in such action against defendants.    The motion to quash the service of summons was sustained, and plaintiff has appealed from the last order quashing the service of summons by publication.    Respondents have moved to dismiss the appeal because the order quashing the service is not appealable.

The various appealable orders are stated in Bal. Code, § 6500, and it is there declared that an appeal lies " from any order affecting a substantial right in a civil action or proceeding which in effect determines the action or proceeding and prevents a final judgment therein."    In *Embree v. McLennan,* 18 Wash. 651 (52 Pac. 241), it was determined that an order of the court quashing a summons is appealable when, in effect, it determines the action or proceeding and prevents a final judgment therein.    The court will look at the substance of such a motion, and its effect, to ascertain whether the order is appealable, and, if it in effect determines the action, it is appealable.    Appellant cannot now have the first order quashing the service of summons reviewed here, as no exception or appeal was taken within time to appeal therefrom.    The statute

of March 15, 1893 (Session Laws 1893, p. 407), provided:

" Section 1.   Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided."

But in the statute of 1895 (Laws 1895, p. 170), it was provided:

" Section 1.   That section one of an act entitled 'An act to provide for the manner of commencing civil actions in the superior courts, and to bring the same to trial,' approved March 15, 1893, be and the same is hereby amended to read as follows:   Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court:   *Provided,* That unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."   Bal. Code, § 4869.

Under the provisions of the existing statute, civil actions are commenced either by the service of a summons, after which the complaint may be filed at any time when an order is required, or by filing a complaint, and either personally serving one or more of the defendants or commencing service by publication within ninety days from the date of filing the complaint.   It is apparent that, when the action is initiated by filing the complaint for service by publication of the summons, it is not commenced within the meaning of the statute until commencement of service by publication.   That is, the act of filing the complaint and the commencement of service by publication must both exist before the action is commenced, and the limitation of time in the commencement of service by publication of ninety days is mandatory.   Therefore, the determination of the motion to quash the service by publication of the

last motion in effect discontinues the action. In other words, a valid service of summons by publication cannot be had, unless commencement by publication thereof is begun within ninety days from the date of filing the complaint. *Gribbon v. Freel,* 93 N. Y. 93.

We conclude that the order quashing such service is appealable, but, upon the merits, the judgment of the superior court must be affirmed, unless, as maintained by the appellant, respondents made a general appearance in their motion to quash the service of summons in stating the second reason for their motion. Section 4886, Bal. Code, provides what is deemed an appearance by defendant; but certainly it does not specify every act which may constitute an appearance. It would seem that the mode of appearance mentioned in the section merely determines that when a defendant has, in either of the ways mentioned, made an appearance, he is. entitled to notice of all subsequent proceedings. Under the same section, a special appearance is authorized, and the defendant must state that he specially appears, or it will be general. The test as to whether an appearance is general or special is usually the relief asked. If the granting of the relief requested in the appearance is consistent with a want of jurisdiction over the person, the defendant may appear for a special purpose, without submitting himself to the jurisdiction of the court for any other purpose. It is evident that the motion to the jurisdiction made by defendants (respondents) was personal, and the relief demanded was that the service of the summons be quashed. The best considered authorities appear to support this conclusion. *Harkness v. Hyde,* 98 U. S. 476; *Belknap v. Charlton,* 25 Ore. 41 (34 Pac. 758); *Kingsley v. Great Northern Ry. Co.,* 91 Wis. 380 (64 N. W. 1036); *Paxton v. Daniell,* 1 Wash. 19 (23 Pac. 441); *United States v. American Bell Telephone Co.,* 29 Fed. 17.

We do not think the respondents waived a special appearance in their motion, and the judgment is affirmed.

GORDON, C. J., and FULLERTON and DUNBAR, JJ., concur.

ANDERS, J., concurs in the result.