[No. 4326.   Decided March 20, 1903.]

HENRY WAGNITZ, *Appellant,* v. GEORGE FREDERICK RIT-
TER, *Respondent.*

APPEAL — APPEALABLE ORDER — QUASHING SUMMONS.
    An order quashing a summons in effect discontinues the

31    343
e35    280
31    343
e40    578

action, when made after the expiration of the statutory limit
on service of summons, and is therefore an appealable order.

SAME — CESSATION OF CONTROVERSY.

The fact that the trial court dismissed an action subsequent
to the taking of an appeal from its order quashing a service of
summons, would not work such a cessation of the controversy
as would require a dismissal of the appeal.

PROCESS — SERVICE BY NON-RESIDENT ATTORNEYS.

Non-resident attorneys who have been admitted to the bar
of this state are authorized to issue summons in actions in this
state, and may perform this act outside the state as well as
within its borders, provided the summons specifies a place within
the state where an answer thereto may be served, within the
meaning of Bal. Code, § 4870, which provides that the defendant
shall "answer the complaint, and serve a copy of his answer on
the person whose name is subscribed to the summons, at a place
within the state therein specified in which there is a postoffice."

SAME — FORM OF SUMMONS — STATUTORY REQUIREMENTS.

A summons issued in conformity with the form set forth in
the statute, and which substantially follows the sections enume-
rating the necessary contents of the summons, is good as against
a general objection that it is void on its face, raised for the first
time on appeal, even if the summons may not have fully incor-
porated everything required by other sections of the statute.

Appeal from Superior Court, Whatcom County.—Hon.
JEREMIAH NETERER, Judge. Reversed.

*C. A. Moore, J. Van Zante, Frank Schlegel* and *B. E.
Padgett,* for appellant.

*Fairchild & Bruce,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—This is an appeal from an order
quashing the services of a summons. On October 5th,
1901, the appellant caused an action to be commenced in
the superior court of Whatcom county, in which he sought
to recover a money judgment. At the time of filing the
complaint therein, the appellant caused an attachment to

issue, under which certain real property belonging to
respondent, and situated in Whatcom county, was levied
upon and attached. The complaint was subscribed by
three attorneys, each of whom was a non-resident of the
state, and only one of whom was a member of the bar of
this state and entitled to practice herein. Summons, sub-
scribed by the attorneys subscribing the complaint, was
placed in the hands of the sheriff for service, who made
return thereon to the effect that the respondent could not
be found in Whatcom county. The appellant thereupon
filed an affidavit showing that the respondent resided out
of the state, that his post-office address and place of resi-
dence was at Portland, in the state of Oregon, and asked
for and obtained an order granting them permission to
personally serve the respondent at that place. On the
granting of the order a new summons was issued, which
was personally served on the respondent at Portland, Ore-
gon, on October 19, 1901. This summons was also sub-
scribed by the attorneys subscribing the complaint, and was
regular in every respect, save that it did not in the body
thereof require the respondent to serve a copy of his
answer on the person whose name was subscribed to the
summons at a place named therein, as seemingly con-
templated by § 4870 of the Code (Ballinger's), but
followed the form given in § 4872, designating their
post-office address as "Care Clerk Superior Court,
New Whatcom, Wash." On December 16, 1901, the re-
spondent appeared specially by his counsel, and moved to
quash and set aside the summons, "upon the ground and
for the reason that the alleged summons herein was unau-
thorized and improperly issued in that the said C. A.
Moore, J. Van Zante, and Frank Schlegel, the so-called
attorneys for the plaintiff, are not officers of this court and

are not authorized and have no authority to issue process from this court." This objection was on February 3, 1902, after hearing, sustained and the service quashed, on the grounds, as recited in the order, that the attorneys "whose names are subscribed to the so-called summons herein as attorneys for the plaintiff were at the time of the issuance of the said summons; and at all times herein, residents of the state of Oregon, and domiciled at Portland said state; and that said so-called summons was signed and attempted to be issued in the city of Portland, Oregon." On March 5, 1902, and after the appellant had appealed from this order, the court of its own motion dismissed the action, from which the appellant also gave a notice of appeal, but did not file the statutory bond required to perfect it.

The respondent moves to dismiss the appeal, assigning as reasons that the order quashing the summons is not an appealable order, and that there is no controversy pending between the parties. These contentions are without merit. It was held in *Embree v. McLennan,* 18 Wash. 651 (52 Pac. 241), and *Deming Investment Co. v. Ely,* 21 Wash. 102 (57 Pac. 353), that an appeal will lie from an order quashing the service of summons, which in effect determines the action and prevents a final judgment therein. Such was the effect of the order before us. In this state an action is commenced by the service of a summons, or by filing a complaint and serving a summons within ninety days thereafter. As more than ninety days had elapsed between the time the complaint was filed in the present action and the order quashing the service was entered, there could be no new service of the summons. *Deming Investment Co. v. Ely, supra.* The order, therefore, had the effect of discontinuing the action, and is

appealable under the statute. The second ground of the motion is based upon the fact that the trial court, subsequent to the appeal, dismissed the action. It is said that this latter judgment disposed of the case finally; that it is an independent judgment, and, if this court should reverse the first order, it would not have the effect of reinstating the case on the docket of the court, as it would not operate as a reversal of the order of dismissal. But, as we have shown, the order quashing the service of the summons had the effect of discontinuing the action. It was of itself, so far as that court was concerned, a final order, which fixed and determined the rights of the parties in that court. The subsequent order of dismissal, therefore, could add nothing to its effect or finality, and, even if it were to be conceded that a trial court could in any case destroy the effect of an appeal granted by statute and lawfully pursued by voluntarily entering orders therein, this is not such a case.

Passing to the merits of the controversy, it will be seen from the recitals in the order of the trial court that the motion to quash was sustained on the ground that the attorneys who signed the summons had no authority under the statute to issue a summons, because they resided without the state of Washington, and sought to issue the summons from their place of residence. These contentions, and the further contention that the summons is void on its face, are relied on in this court to sustain the order. It is conceded that there is no express provision of the statute to the effect that an attorney residing in another state, authorized to practice law in this state, may not issue a summons over his own name, and also that there is no express provision to the effect that he cannot issue the summons from a place without the state. It is said,

however, that there are implied provisions to that effect, and that they are found in the sections of the statutes relating to the manner of commencing actions, and to the form and contents of a summons. Turning to these sections, it will be noticed that it is necessary, in order to commence an action, if the defendant does not voluntarily appear, to serve a summons. It will be noticed, also, that these sections are not entirely consistent. By § 4870, Bal. Code, it is provided that the summons must require the defendant to "answer the complaint, and serve a copy of his answer on the person whose name is subscribed to the summons, at a place within the state therein specified in which there is a post-office"; while § 4871, which also purports to prescribe what the summons shall contain, omits this requirement, substituting therefor the requirement that the defendant shall appear "and defend the action." The first mentioned, again, seems not to require that the post-office address follow the subscription of the plaintiff's or attorney's name to the summons, while the second makes this necessary. The form given in § 4872 complies literally with the second section quoted, but with the first only substantially, if at all. The argument against the right of a nonresident attorney to issue a summons is based upon the first section cited. It is said that, inasmuch as the summons must contain a direction to the defendant to serve his answer on the person whose name is subscribed to the summons, "at a place within the state therein specified at which there is a post office," it was intended that the person subscribing the summons should have a place of residence within the state, and that none other can issue a summons. But we cannot think this a proper construction of the statutes, taken as a whole. The section of the statute which permits an attorney residing in and who is

a citizen of another state to become a member of the bar of this state puts no restrictions upon his powers or privileges which it does not put upon resident attorneys. It was enacted subsequent in time to the section of the statute which is claimed to require a residence. It would seem naturally to follow, therefore, that, if the statute was originally enacted for resident attorneys only, that a subsequent statute empowering the courts to admit to practice attorneys residing in another state and giving them all the powers of local attorneys, would operate of itself as a repeal or modification of the first statute in so far as the two were conflicting. But it is unnecessary to go to this extent. A nonresident attorney may name a place within the state at which the summons can be served on him or some one for him, and thus comply with even the literal requirements of the statute. Nor is there any merit in the objection that the summons was issued by the attorney outside of the state. The summons is in no sense a process of the court; it is a notice merely, which an attorney is authorized to issue and cause to be served without the direction or knowledge of the court. Its proper service and filing in court, with due proof of service, is the essential thing which gives the court jurisdiction over the person or property of an unwilling defendant. It can make no difference, therefore, at what place the summons is made out or subscribed.

The next question is, was the summons void on its face? As we say, it followed the form prescribed in § 4872, rather than the requirements of § 4870. It did not, therefore, contain in its body a direction to the defendant requiring him to answer the complaint, and serve a copy of his answer on the person whose name is subscribed to the summons at a place within the state therein specified in

which there is a post-office, but contained a direction to the defendant to appear within sixty days after service of the summons and defend the action, to which was subscribed the names of the attorneys, followed by their post-office address at a place within the state. This was a sufficient compliance with the statute. Ordinarily, where a statute, consisting of several sections, provides for the issuance of a notice or writ, prescribes certain requirements for it, and subsequently gives a form to which it may substantially conform, it is sufficient to give the notice or issue the writ in the form prescribed, whether or not it contains all of the prescribed requirements; the reason being that it will be presumed that the legislature treated the language of the form and the language of the sections prescribing the requirements as synonymous. But were the rule otherwise, we cannot think the present summons void on its face. It is subscribed by an attorney authorized to issue a summons, who gives, following his name, his post-office address at a place within the state. Whether this would be sufficient if seasonably attacked on this ground in the lower court, we shall not decide, as it is clearly good against the general objection that it is void on its face, raised here for the first time.

The order appealed from is reversed, and the cause remanded to the lower court to reinstate the case and require the respondent to answer to the merits.

MOUNT, DUNBAR and ANDERS, JJ., concur.