[No. 5552. Decided November 27, 1905.]

H. L. TATUM et al., Appellants, v. W. A. GEIST et al., Defendants, NIAGARA FIRE INSURANCE COMPANY et al., Respondents.[1]

APPEAL—DECISIONS REVIEWABLE—GARNISHMENT. A garnishment, while ancillary to the main cause, is a "proceeding" within the meaning of the statute regulating appeals to the supreme court.

SAME—ORDER QUASHING SUMMONS. An order quashing the service of a summons is appealable, when it in effect determines the action and prevents a final judgment.

SAME—GARNISHMENT—QUASHING SERVICE OF WRIT. As a garnishment proceeding only affects the indebtedness due from the garnishee at the time of the service of the writ, an order quashing the service of a writ of garnishment releases all such indebtedness and effects,

[1]Reported in 82 Pac. 902.

and in effect determines that particular proceeding and prevents any judgment whatever therein, since a second writ is an independent proceeding attaching to a different subject-matter; hence an order quashing a writ of garnishment is appealable as a final determination of the proceeding.

APPEAL—NOTICE—SECOND APPEAL.  The pendency of an appeal, ineffectual because of the failure to file a bond, is not a bar to a second appeal in the same cause.

Motion to dismiss an appeal from an order of the superior court for Clallam county, Hatch, J., entered January 9, 1905, vacating a default judgment against garnishees, and quashing the service of the writ of garnishment.   Denied.

*Shank & Smith,* for appellants.

*Trumbull & Trumbull,* for respondents.

RUDKIN, J.—On the 28th day of September, 1904, a writ of garnishment issued out of the court below in a certain action therein pending, wherein Tatum & Bowen were plaintiffs and W. A. Geist and others were defendants, against the Niagara Fire Insurance Company of the city of New York, the London Assurance Corporation, and others.   On the same day, the writ was served on the Niagara and London companies, the service being made on a resident agent of said companies, authorized to solicit insurance in their behalf. On the 21st day of October, 1904, a default judgment was entered against said companies, in favor of the plaintiffs in the principal action, for the sum of $1,150, with interest and costs.   On the 9th day of January, 1905, the court vacated this judgment and quashed the service of the writ of garnishment, for the reason that service on an agent authorized to solicit insurance did not confer jurisdiction over the garnishee companies.

On the 2d day of February, 1905, the plaintiffs in the principal action served a written notice of appeal from the order vacating the judgment and quashing the service of the writ of garnishment, but through some inadvertence the no-

tice, the proof of service thereof, and a bond to render the appeal effectual were not filed until the 8th day of February, 1905, or until six days after the service of the notice. On the 24th day of February, 1905, the plaintiffs gave a second notice of appeal and filed the notice, together with the proof of service thereof and an appeal bond, within the time required by law. The respondents now move to dismiss the second appeal, on the following grounds: (1) Because the order is not appealable; (2) because the appeal was not taken within the time limited by law; and (3) because a motion to dismiss the first appeal was pending in this court at the time the second appeal was taken.

While a garnishment is ancillary to the main action, it is nevertheless a proceeding within the meaning of the statute regulating appeals to this court. Thus, in *Campbell v. Simpkins,* 10 Wash. 160, 38 Pac. 1039; *Smith v. Collen,* 18 Wash. 398, 51 Pac. 1040; *Russell v. Millett,* 20 Wash. 212, 55 Pac. 44; *Gaffney v. Megrath,* 23 Wash. 476, 63 Pac. 250; and numerous other cases that might be cited, this court entertained appeals from judgments in garnishment proceedings, irrespective of an appeal from the judgment in the principal action. The statute provides that an appeal lies to this court from any order affecting a substantial right in a civil action or proceeding which either in effect determines the action or proceeding and prevents a final judgment therein, or discontinues the action, and from a final order made after judgment which affects a substantial right. Bal. Code, § 6500.

The right to appeal from an order vacating a judgment has been the subject of more or less controversy ever since the organization of this court. The decisions are reviewed at length in the majority and dissenting opinions in *Nelson v. Denny,* 26 Wash. 327, 67 Pac. 78. Since that decision it has been held, in *Metler v. Metler,* 28 Wash. 734, 69 Pac. 9; *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Post v. Spokane,* 35 Wash. 114, 76 Pac. 510; and perhaps other

37—40 WASH.

cases, that an order vacating a judgment is not appealable. On the other hand, it was held in *Embree v. McLennan,* 18 Wash. 651, 52 Pac. 241; *Deming Inv. Co. v. Ely,* 21 Wash. 102, 57 Pac. 353; *Wagnitz v. Ritter,* 31 Wash. 343, 71 Pac. 1035; and *Nolan v. Arnot,* 36 Wash. 101, 78 Pac. 463, that an order quashing a summons or the service thereof, or vacating a judgment which in effect determines the action or proceeding and prevents a final judgment therein, is appealable.

The rule deducible from these decisions is this: If an order vacating a judgment, or quashing a summons or the service thereof, is or may be followed by further proceedings in the cause, and the entry of a final judgment therein, such order may be reviewed on appeal from the final judgment, and is not itself appealable. If, on the contrary, the order vacating the judgment, or quashing the summons or the service thereof, in effect determines the action or proceeding and prevents a final judgment therein, the order itself is a final one, and is therefore appealable. Within this rule, an order vacating a judgment in a garnishment proceeding, which does not determine the proceeding and prevent a final judgment therein is not appealable.

What is the effect of quashing the service of a writ of garnishment? A decision of this question involves a brief consideration of the purpose of the garnishment and the effect of the service of the writ. Bal. Code, § 5393, provides that the writ shall command the garnishee to appear and answer under oath "what, if anything, he is indebted to the defendant, and was when such writ was served, and what personal property or effects, if any, of the defendant he has in his possession or under his control, or had when such writ was served." Section 5395 prescribes the form of the writ in substantially the same language. Section 5398 provides that it shall not be lawful for the garnishee to pay to the defendant any debt, or to deliver to him any effects after the service of the writ. Section 5401 provides that, in case the garnishee makes default, it shall be lawful for the court to

render judgment against him for the full amount claimed by the plaintiff, against the defendant, or in case the plaintiff has a judgment against the defendant, for the full amount of such judgment, with all accruing interest and costs. Section 5402 provides that, if it appears from the answer of the garnishee, or otherwise, that the garnishee is indebted to the defendant, or was so indebted when the writ was served, judgment shall be entered in favor of the plaintiff and against the garnishee for the amount of such indebtedness.

It will thus be seen that the garnishment only affects the indebtedness due from the garnishee to the defendant at the time of the service of the writ, or at any time thereafter until final judgment in the garnishment proceeding, or effects in the hands of the garnishee belonging to the defendant between said dates. An order quashing the service of the writ of garnishment not only releases all such indebtedness and effects, but in effect determines that particular proceeding and prevents a final judgment or any judgment whatever therein. If we concede that a second writ may issue on the same affidavit, yet the second writ will only have the same operation as the first, viz., to bring within the jurisdiction of the court, indebtedness due from the garnishee to the defendant, or effects in the hands of the garnishee belonging to the defendant, at the time of the service of the second writ, or thereafter until final judgment on the second writ. In other words, the proceedings under the second writ are to all intents and purposes independent of the proceedings under the first. There is a different subject-matter and different issues. True, the judgment on the first writ would be res adjudicata as to all issues there determined, but it would have no other or further effect. We are therefore of opinion that an order quashing the service of a writ of garnishment is, in effect, a final determination of that proceeding, and prevents a final judgment therein. Such an order is appealable and, being a final order, the appeal in this case was taken within the time limited by law.

The first appeal was ineffectual by reason of the failure to file the bond on appeal within the time required by law. The pendency of such an appeal is no bar to a second appeal in the same cause.    Bal. Code, § 6519 ; *Embree v. McLennan, supra; Sligh v. Shelton Southwestern R. Co.,* 20 Wash. 16, 54 Pac. 763 ; *Griffith v. Maxwell,* 20 Wash. 403, 55 Pac. 571 ; *Noble v. Whitten,* 34 Wash. 507, 76 Pac. 95.

The motion to dismiss the appeal is therefore denied.

MOUNT, C. J., ROOT, DUNBAR, HADLEY, CROW, and FUL-LERTON, JJ., concur.