[No. 17913. Department One. July 17, 1923.]

## W. A. WATSON et al., Appellants, v. JAY DUMAS et al., Respondents.[1]

APPEAL (193)—BOND—NECESSITY OF TIMELY FILING. The filing of an appeal bond within five days is jurisdictional under Rem. Comp. Stat., §§ 1719, 1721; and the dismissal of the appeal for want of any bond is not saved by Id., § 1730-9, providing that no appeal shall be dismissed because of any defect in the appeal bond, which may be cured by giving a new bond.

RECORD (336)—CONCLUSIVENESS—AFFIDAVIT TO IMPEACH RECORD. Appellant, having made the record showing that an appeal bond was not filed with the clerk within five days, cannot contradict the same by affidavit showing that he mailed the bond to the clerk in time to be timely filed.

Motion to dismiss an appeal from a judgment of the superior court for Kitsap county, Ronald, J., entered January 19, 1923, dismissing an action for equitable relief. Appeal dismissed.

*Jesse Thomas*, for appellants.

*Paul & Barker*, for respondents.

PER CURIAM.—We think the motion to dismiss the appeal must be granted. The suit was instituted in Kitsap county. The judgment dismissing the action was entered on January 19, 1923. At that time the appellants gave notice in open court that they appealed to this court. The appeal bond was filed January 27, 1923, or nine days after the notice of appeal was given. Section 1719, Rem. Comp. Stat., provides that a party desiring to appeal may,

"Give notice in open court . . . . at the time when such judgment or order is rendered or made that he appeals from such judgment or order to the supreme court . . . . The giving or serving of a

[1]Reported in 216 Pac. 848.

notice of appeal as prescribed in this section shall effect the appeal as prescribed in this section but the same shall become ineffectual if an appeal bond for costs and damages be not given as required by section 1721 of this title. . . ."

Section 1721 provides that,

"An appeal bond in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served or within five days thereafter an appeal bond to the adverse party conditioned for the payment of costs and damages, as prescribed in section 1722, be filed with the clerk of the superior court. . . ."

Under these statutes the filing of a bond within five days after notice is jurisdictional. Nor does section 1730-9, Rem. Comp. Stat., alter the situation. It provides that:

"When a notice of appeal to the supreme court shall have been served and filed in due time and the appeal bond shall have been given within the time required by law, no appeal shall be dismissed because of any defect in the appeal bond, nor because the appeal bond, both as a cost bond and as a bond on supersedeas, shall be insufficient by reason of the amount, but the appellant shall in all cases be allowed to give a new bond within such time and upon such terms as the court may order."

This statute affects only a bond which has been filed within the statutory time, and does not permit us to excuse a dilatory filing, resulting from a failure to deposit the bond with the clerk of court within the statutory five days.

Appellants' attorney has made an affidavit to the effect that, on the third day after the notice of appeal was given, he deposited in the United States mails at Tacoma an appeal bond, the same being directed to the clerk of the court of Kitsap county, and that in due

course of mail the bond ought to have reached the clerk before the expiration of the five day period. The affidavit, however, does not show that the bond was actually received by the clerk within that time.

If it be conceded that we may consider this affidavit, it will not assist the appellants. Inasmuch as we will presume, in the absence of a showing to the contrary, that the clerk performed his duty and filed the bond the day he received it, we must assume that it was not received until the 27th of January, the day it was filed. But, in addition to this, we cannot consider this affidavit. The appellants have made the record, which shows the bond was not filed within the statutory period. We will not allow them to contradict their record by affidavit. Defects in a record cannot be cured in this manner. *Ward v. Springfield Fire & Marine Ins. Co.*, 12 Wash. 631, 42 Pac. 119; *Washington Liquor Co. v. Alladio Cafe Co.*, 28 Wash. 176, 68 Pac. 444.

It may not be out of place to say that, notwithstanding we have concluded that the appeal must be dismissed, we have examined the merits of the case and find that it is controlled against the appellants' contention by prior decisions of this court.

The appeal is dismissed.