[No. 23799. Department One. November 28, 1932.]

GREAT WESTERN THEATRE EQUIPMENT, INC., *Respondent,* v. FIRST NATIONAL BANK OF MONTESANO *et al., Appellants.*[1]

*B. G. Cheney* and *O. M. Nelson,* for appellants.
*Frank S. Griffith,* for respondent.

PARKER, J.—This is a garnishee controversy. It comes to this court upon the appeal of the garnishee defendant, First National Bank of Montesano, the original defendant, M. & E. Theatres, joining therein,

[1]Reported in 16 P. (2d) 459.

from a judgment of the superior court for Grays Harbor county awarding money recovery in favor of the Theatre Equipment and against the bank, as garnishee defendant indebted to the M. & E. Theatres.

The controlling facts are not in dispute. For present purposes, they may be summarized as follows:

On May 7, 1930, the Theatre Equipment commenced an action in the superior court for Grays Harbor county against the M. & E. Theatres, seeking money recovery upon each of three separate causes of action. On the same day, garnishment process was duly issued in that action, directed against and served upon the bank, making it a garnishee defendant. On May 24, 1930, the bank filed its answer, stating that it owed the M. & E. Theatres the sum of six thousand dollars upon deposit account. On February 20, 1931, a trial of the original action upon the merits resulted in a judgment being rendered therein, denying to the Theatre Equipment recovery in any sum against the M. & E. Theatres upon the first cause of action and awarding recovery against the M. & E. Theatres upon each of the second and third causes of action.

At the time of the rendering of that judgment, the Theatre Equipment gave oral notice of appeal from so much thereof as denied to it any recovery upon the first cause of action, and requested the court to enter an order fixing the amount of supersedeas bond, to the end that the liability of the bank upon the garnishee process might, by giving such a bond, be kept in full force and effect with reference to the first cause of action. An order was entered accordingly. This attempted appeal and contemplated supersedeas thereunder were never perfected by the filing of any bond or bonds, as under the law was necessary to that end.

On February 21, 1931, the bank, conceiving itself not further bound by the garnishee process, other than to

retain in its possession sufficient funds owing by it to M. & E. Theatres to satisfy the recoveries awarded by the superior court in the original action upon the second and third causes of action, paid over to the M. & E. Theatres the whole of the amount of deposit owing by it to the M. & E. Theatres, except the sum of $410.70, which was the total amount of the recoveries awarded by the judgment in the original action in favor of the Theatre Equipment and against the M. & E. Theatres.

On February 28, 1931, the Theatre Equipment served and filed a new notice of appeal from the judgment rendered in the original action denying it recovery upon its first cause of action against the M. & E. Theatres, which appeal was timely perfected by the filing of a proper appeal bond; and that judgment denying recovery was then sought to be superseded by the filing of a supersedeas bond as fixed by the superior court in its order made at the time of the first notice of appeal.

On March 20, 1931, upon motion of counsel for the Theatre Equipment, the superior court made and entered its order directing the bank to pay to the clerk of the superior court, in satisfaction of the judgment rendered in the original action upon the second and third causes of action, the sum of $410.70, which was done accordingly.

On October 13, 1931, this court rendered its decision reversing the judgment of the superior court in the original action denying recovery on the first cause of action, and directed the superior court to award recovery thereon. Thereafter, that decision was by this court adhered to upon a rehearing. On February 13, 1932, in accordance with the decision of this court and

upon remittitur to the superior court, that court entered its judgment, awarding recovery in favor of the Theatre Equipment and against the M. & E. Theatres upon the first cause of action.

Thereupon, counsel for the Theatre Equipment moved for judgment against the bank as garnishee, proceeding upon the theory that it remained liable as garnishee for the recovery so awarded to the Theatre Equipment and against the M. & E. Theatres upon the first cause of action. The bank thereupon responded to this motion, setting up the fact of its having satisfied the judgment in the original action awarding recovery upon the second and third causes of action and its having paid over to the M. & E. Theatres the whole of the balance of the deposit indebtedness owing to it, after the rendering of the judgment in the original action denying recovery upon the first cause of action, and at a time when that judgment and the effect thereof were in no manner superseded.

On February 20, 1932, the Theatre Equipment's motion for judgment against the bank as garnishee defendant and the bank's response thereto came on regularly for hearing in the superior court, resulting on February 26, 1932, in a judgment being rendered by the superior court against the bank as garnishee defendant and in favor of the Theatre Equipment in the sum of $1,820.33, being the amount then owing by the M. & E. Theatres to the Theatre Equipment upon the judgment rendered in the original action in pursuance of the decision of this court. It is from this judgment against the bank as garnishee that it has appealed to this court, the M. & E. Theatres joining in that appeal.

█ Counsel for the Theatre Equipment proceeds in his argument upon the theory that the notice of appeal given at the time of the rendering of the judgment de-

nying recovery upon the first cause of action and the then fixing by the court of the amount of supersedeas bond which might be given to stay the effect of the judgment denying recovery upon the first cause of action, are important, controlling facts sustaining the contentions here made in behalf of the Theatre Equipment.

In Rem. Comp. Stat., § 1721, we read:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, . . ."

This has been the law since 1893, and has been repeatedly given full force and effect by this court. *Glesin v. Glesin,* 125 Wash. 339, 216 Pac. 353; *Watson v. Dumas,* 125 Wash. 574, 216 Pac. 848; *Anderson v. Taylor,* 152 Wash. 532, 278 Pac. 412; *In re Umphrey's Estate,* 155 Wash. 458, 284 Pac. 753.

No bond was filed within the prescribed statutory time, perfecting the first attempted appeal. No supersedeas bond was filed looking to a stay of the effect of the judgment denying recovery upon the first cause of action. So it seems plain to us that there was nothing done by or on behalf of the Theatre Equipment during the period following the rendering of the judgment denying to it recovery upon its first cause of action on February 20, 1931, and the giving of the second notice of appeal and perfecting that appeal on February 28, 1931, which, during that period, rendered the judgment subject to any supersedeas impediment. It was during that period that the bank paid over to M. & E. Theatres the whole of its deposit indebtedness owing to M. & E. Theatres, except it retained an

amount sufficient to satisfy the judgment which had been rendered upon the second and third causes of action of the Theatre Equipment.

We are of the opinion that the right of the Theatre Equipment to judgment against the bank as garnishee must rest upon considerations wholly apart from the notice of appeal of February 20, 1931, the date of the rendering of the judgment denying recovery to the Theatre Equipment upon its first cause of action. We are further of the opinion that the claimed right of the Theatre Equipment to judgment against the bank as garnishee must now be determined in the light of the first cause of action, as if that were the only cause of action upon which the Theatre Equipment sought recovery against the M. & E. Theatres.

While the garnishee process was the commencement of an action by the Theatre Equipment, standing in the shoes of the M. & E. Theatres, against the bank as garnishee, that action was nevertheless ancillary to and dependent upon the status of the original action. When it was determined by final judgment of the superior court that the Theatre Equipment had no such right of recovery against the M. & E. Theatres, that was, in effect, a final judgment that the Theatre Equipment did not have any right of recovery against the bank as garnishee. When that judgment was rendered and remained unsuperseded, the force and effect of the garnishee process against the bank ceased and remained of no effect.

We may concede, for present purposes, that the effect of a garnishee process may be revived during the period prescribed by law for the taking of an appeal from the judgment denying recovery in the original action. But it seems plain to us that, until the effect of the judgment is superseded by a perfected appeal and the giving of a proper supersedeas bond,

the garnishee defendant may safely pay or deliver to the original defendant the theretofore garnisheed money or property.

In *State ex rel. Pioneer Mining & Ditch Co. v. Superior Court,* 108 Wash. 183, 183 Pac. 74, we said:

"And with the dismissal or termination of the original action in favor of the defendant therein, the garnishment proceeding must immediately die. The statute recognizes this fact by the proviso in Rem. Code, § 693, to the effect, that, if judgment be rendered in favor of the original defendant, the garnishee shall not be required to pay, nor shall any judgment be rendered against him; and by the provisions of § 695, to the effect that, if judgment be rendered in favor of the original defendant in the original cause, any personal property or effects which the garnishee defendant may have previously delivered to the sheriff shall be returned to him."

This finds support in observations made by the court in the following decisions: *Renton v. St. Louis,* 1 W. T. 215; *Tatum v. Geist,* 40 Wash. 575, 82 Pac. 902; *Morris & Co. v. Canadian Bank of Commerce,* 95 Wash. 418, 163 Pac. 1139; *Fisher v. Seattle Trust Co.,* 109 Wash. 257, 186 Pac. 649.

Counsel for the Theatre Equipment has moved to dismiss the appeal. In so far as the motion seeks dismissal of the appeal of the bank, we think it is wholly without merit. As to the joining in the appeal by the M. & E. Theatres, the argument is that it has no right of appeal, since, as it is argued, it was not a party to the garnishee action between the Theatre Equipment and the bank. In view of our conclusion upon the merits, we think that the interest of the M. & E. Theatres as an appellant is no longer of any moment in our present inquiry.

The judgment awarding recovery in favor of the Theatre Equipment against the bank as garnishee is

reversed. The bank shall be awarded its costs against the Theatre Equipment incurred in prosecuting its appeal in this court. No costs shall be awarded in favor of or against the M. & E. Theatres, since the record here renders it plain that it did not incur any costs, or cause any of the other parties to incur any costs incident to the appeal to this court.

TOLMAN, C. J., MITCHELL, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—The prevailing opinion is grounded upon several fallacious assumptions, and therefore is incorrect in reasoning and in result.

The appeal in the main case was taken from a denial of the first cause of action in the suit instituted by plaintiff therein and undoubtedly within the statutory time, since this court had jurisdiction to pass upon it twice. *Great Western Theatre Equipment, Inc. v. M. & E. Theatres, Inc.,* 164 Wash. 557, 3 P. (2d) 1003.

When the adverse judgment on that one cause of action was superseded, manifestly the supersedeas had the force of superseding the garnishment against the garnishee defendant.

The following statement and others similar, in the prevailing opinion, are utterly incomprehensible to me:

"We may concede, for present purposes, that the effect of a garnishee process may be revived during the period prescribed by law for the taking of an appeal from the judgment denying recovery in the original action. But it seems plain to us that, until the effect of the judgment is superseded by a perfected appeal and the giving of a proper supersedeas bond, the garnishee defendant may safely pay or deliver to the original defendant the theretofore garnisheed money or property."

The main case, as shown in the former decision, *supra,* was based upon three causes of action, the second and third of which were confessed and judgment

entered thereon, the first being denied by the trial court after a trial on the merits. This was reversed by this court and remanded. The original judgment was entered February 20, 1931. Thereafter, no step whatever was taken in the garnishment matter until February 13, 1932.

The statement quoted in the. prevailing opinion seems to imply that the principal action had been terminated *in favor of the defendant.* It is shown by the decision, *supra,* that there had been an affirmative judgment rendered in favor of plaintiff against the defendant, which, of itself, should hold the property impounded by the garnishment. The record and finding in this matter show that the garnishee defendant had paid over to the principal defendant on February 21, 1931, the balance of the funds remaining in its hands.

When the garnishee defendant so paid the funds remaining in its hands, which respondent had garnisheed in the statutory time and manner and maintained the sequestration of the garnishment by supersedeas, under our statute and decisions it certainly is entitled to the garnisheed funds, to the amount of its judgment, until properly released. That, assuredly, is the very object of the garnishment statute. They were, at all times, in *custodia legis.*

The prevailing opinion virtually overrules a number of our previous cases, among which is *Seattle Trust Co. v. Pitner,* 17 Wash. 365, 49 Pac. 505, without even dignifying it by mention. That case cannot be distinguished in but one way, and that is in favor of respondent here. There, the garnishee had been formally discharged. In the instant case the garnishee had not been formally discharged, but held. See, also, *United States Fidelity & Guaranty Co. v. Hollenshead,* 51 Wash. 326, 98 Pac. 749; *Maury v. Toledo Logging Co.,* 163 Wash. 563, 1 P. (2d) 896.

250

In the last cited case, we approved the general rule stated in 12 R. C. L. 850:

"If the garnishee transfers during the pendency of the garnishment proceedings any of the property or funds in his hands belonging to the principal debtor, he does so at his peril."

Many other cases decided by this court are, in effect, overruled without mentioning, which renders our practice unsettled and vacillating.

For these reasons, I dissent. The judgment of the trial court should be affirmed.