[No. 24958. Department Two. July 6, 1934.]

H. M. FAIRLEY *et al., Appellants,* v. DURKEE'S FAMOUS FOODS, INC., *et al., Respondents.*[1]

*Alfred Thompson,* for appellants.

*L. B. Schwellenbach,* for respondents.

TOLMAN, J.—On May 20, 1933, plaintiffs filed their summons, complaint, and proof of service thereof in the office of the clerk of the superior court. The proof of service showed personal service on April 29, 1933, upon one E. A. Archibald, therein described as the Pacific Coast Division manager of the defendant corporation and its agent. On the same day, proof by affidavit of non-appearance was filed, and an order of default was entered. Later, the plaintiffs appeared and offered *ex parte* proof, and on June 6, 1933, findings of fact

[1] Reported in 33 P. (2d) 1073.

and conclusions of law were made and filed, together with a judgment against the defendant in the sum of $1,275 and costs.

On the day the judgment was entered, the defendant corporation appeared specially by a motion to quash the service of the summons and complaint, supported by an affidavit setting forth the following: That the defendant is not a Washington corporation, has never qualified to and does not do business within this state; that it has no officer, agent or representative in this state; that E. A. Archibald is not and never has been an agent, cashier or the secretary of the defendant corporation, and never has been employed by it nor has he ever represented it. A controverting affidavit was filed, which, after reiterating the matters contained in the proof of service, reads:

"That said defendant, Durkee Famous Foods, Inc., is a corporation, organized under and by virtue of the laws of Ohio, with its principal place of business in said state; that said defendant is a foreign corporation doing business in the state of Washington; that it has a warehouse in the city of Seattle, Washington, and that the merchandise is shipped to said warehouse, and is distributed from said warehouse by the agents of said defendant; that said defendant, at the time of the commencement of this action, and for many years prior hereto and since the commencement of said action, has done business in the state of Washington as a foreign corporation."

Upon this proof, the matter was heard before the court commissioner, resulting in an order quashing the service entered July 5, 1933. Upon a revision of the commissioner's order, that order was sustained by the trial court by its order entered August 11, 1933. At the hearing, the court declined to consider affidavits filed subsequent to the ruling by the court commissioner; and as these affidavits do not, as we see it, affect

the question now to be decided, we pass the question of practice which has been raised.

Thereafter, still preserving its special appearance, the defendant corporation moved the court to set aside the judgment based upon the void service of the process, and that was done by an order dated September 1, 1933. The plaintiffs have appealed from the order setting aside the judgment.

■ Respondents first raise the point that the appeal should have been taken from the order quashing the service. We seem to have held that such an order may be appealable. *Embree v. McLennan,* 18 Wash. 651, 52 Pac. 241; *Deming Investment Co. v. Ely,* 21 Wash. 102, 57 Pac. 353. In the first of these cases, it is said:

"It is extremely doubtful if an appeal would lie from an order quashing a summons where the action of the court was based upon some imperfection in the summons itself, such as a material departure from the form prescribed, or for insufficiency of service and the like, but in the present case it fairly appears from the record and the arguments of counsel that the order appealed from was entered because the court was of opinion that upon the merits of the action the plaintiff could not prevail. Under such circumstances it is manifest that unless a right to appeal exists, plaintiff is without a remedy."

In the second case, the court said:

"The court will look at the substance of such a motion, and its effect, to ascertain whether the order is appealable, and, if it in effect determines the action, it is appealable."

So, here, looking at the substance, it seems clear that the order quashing the service did not terminate the action, because ninety days had not elapsed since the filing of the complaint, and there still remained time in which effectual service of the summons and complaint

might have been made. *Deming Investment Co. v. Ely, supra.* Notwithstanding their first attempt was abortive, the plaintiffs might still have proceeded, within what remained of the ninety day period, to serve the summons upon any person who might be found upon whom service properly could be made, and, in the meantime, the action would be pending. We think, therefore, that, since the quashing of the service made it necessary to set aside the judgment, an appeal from the order setting aside the judgment should and must bring up for review the previous order. Otherwise, it would not be reviewable.

But, even so, since the setting aside of the judgment was no more than the granting of a new trial, and left the cause still pending, permitting plaintiffs, if they could, to perfect service thereafter, that order, like the order quashing the service, was not a final order, and did not terminate the action.

Under subdivision 1 of Rule of Practice X, 140 Wash. xlii (Rem. Rev. Stat., § 308-10), an appeal from a final judgment must be taken within thirty days,

". . . and an appeal from any order, other than a final order, from which an appeal is allowed, within fifteen days after the entry of the order, . . ."

The order appealed from was entered on September 1, 1933. The notice of appeal was served and filed on September 22, 1933. Not having been taken within the time fixed, the appeal must be, and it is, dismissed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.