## WORSTER, TEMPLIN & CO. v. OLIVER.

Where by a rule of the District Court, the time for answering is different from that fixed by the Code, it is not essential that the original notice should inform the defendant of the time when, by such rule, he is required to answer. A rule of the District Court, fixing the time within which a defendant must

answer, is law; and a defendant is presumed to know when his answer should be filed.

Where a plaintiff, in his original notice, requires a defendant to answer by a day different from that fixed by the rules of the court, the plaintiff should be held to the time fixed in his notice, and not be permittted to have judgment entered before that day.

Where by a rule of the District Court, parties defendant were required to plead, answer, or demur, on or before the morning of the *first* day of the term; and where an original notice notified the defendants to appear and answer, on or before the morning of the second day; and where at the return term, a motion was made to quash the original notice, for the reason that the said notice does not inform the defendant of the time when, by the rules of the court, they are required to plead, which motion was sustained by the court, the notice set aside, and the cause continued for want of service; *Held,* That the court erred in quashing the original notice.

### *Appeal from the Washington District Court.*

MOTION to quash the original notice. The court had, by general rule, adopted and entered of record: " ordered that parties defendants be required to plead, answer, or demur, on or before the morning of the *first day* of the term." The notice in this instance served on the defendants, required them to appear and answer to the petition, on or before the morning of the second day of the term.

At the return term, a motion was made to quash the notice, for the reason " that said notice does not inform the defendants of the time when, by the rule of the court, they are required to plead." The court sustained the motion, set aside the notice, and continued the cause for want of service. The plaintiffs excepted to the ruling of the court, and appeal.

*J. D. Templin,* for the appellants.

No appearance for the appellees.

STOCKTON, J.—The notice does not inform the defendants of the time when, by rule of the court (different from the time fixed by statute), they were required to answer the petition. Was this such a defect or irregularity, as authorized

the court to set aside the notice, and continue the cause for want of service?

The effect of the rule is, to change the law which requires the defendant to plead, answer, or demur, on or before the morning of the second day of the term, and the defendant may be required to answer by the morning of the first day. The appellants claim that this rule having the force of law, the defendants were presumed to know it, and complainants were not bound to inform them, in the notice, of the time when their answer should be filed.

The object of the original notice is, to place the defendant in court, subject to its jurisdiction, and by informing him of the nature of the action, to enable him to prepare for his defence. There may undoubtedly be such defects and irregularities in the notice, as should require the court to set it aside. When it essentially fails to meet the requirements of the statute, or to fulfill the purpose for which it was intended, it should be set aside. The notice in this case, is sufficiently regular and formal to place the defendants in court, and require them to plead. They are informed of the nature of the action against them, and of the substance of the remedy sought by the petitioners. Must they also be informed of the time when, by the rule of the court, they are required to answer? Is this an essential requisite of the notice? We do not think it is. It cannot be claimed that the notice, by requiring the answer to be made on the second, changed the rule of court which required it to be made on the first, day of the term. If that rule is the law, then the defendants must be presumed to know when their answer was to be filed. If the notice had been silent on this point, and had omitted to require them to answer on any particular day, still the defendants must be presumed to know by what day the law required them to answer. If the notice requires their answer by a wrong day, will the presumption of law not be the same, that defendants knew their answer must be put in on the first? We are aware that the question may be asked, on what day are defendants to put in their answer, when by notice, duly served, it is required to

be put in on the second day, and when, by rule of court, it must be put in on the first? May judgment by default be taken on the first day? We are clearly of opinion that the plaintiff must be held to the day fixed in the notice. Much inconvenience might arise, and great injustice be done, by suffering judgment to be entered before the day by which defendants were notified to answer. Although the defendant will be presumed to know when his answer should be made, yet if plaintiff has notified him to answer on a wrong day of the term, he should not be permitted to have judgment entered before that day. There may be counties in which the rule above referred to is adopted, and in which the whole business of the term is crowded into one day. In such case, the plaintiff should pay the penalty of his own carelessness, and have his cause continued until the next term. If we look at the matter in view of the prejudice, which a refusal to set aside the notice in this case, might work to the interests of the defendants, we shall be at a loss to discover it, in the additional day allowed them to put in their answer. It may fairly be presumed that the plaintiff will be sufficiently watchful of his right, to require the answer of the defendant, at the shortest possible time allowed by law, or the rules of the court. If he does not require the answer on the first day of the term, it should hardly be allowed to the defendant to urge as a fatal defect in the notice, that it gives him one day longer in which to prepare his defence, than is awarded by the rules of the court. We see, therefore, no sufficient reason for quashing the notice. For every purpose for which a notice is requisite or useful, it was sufficient. The defendants cannot be any better or more fully informed of the nature and cause of the claim made against them, by any new notice served upon them, than they have been informed by the one objected to and set aside. It did not, it is true, follow the strict letter of the law, and inform defendants of the time when, by rule of court, they were required to plead. This, the law presumes, that they already knew.

And although the plaintiffs have required the answer to

be made on a different day from that fixed by law, yet as any inconvenience which might result therefrom, must be borne by them and not by defendants, and as the time to defendants to answer is extended, we do not see that the rights or interests of the parties, or the integrity of the statute, required that the notice should be set aside. When defendants are once in court, the plaintiffs are entitled to a rule against them, to plead, answer, or demur, at such time as the court may direct.

The rule to answer on the first day of the term, is a privilege of which the plaintiffs may be presumed to be ready and willing to avail themselves. If they rule defendants to plead at a subsequent, or even distant day of the term, we do not see that any inconvenience would arise to defendants, of which they should complain. They may answer as much sooner as they choose. That there should be certainty as to the time the answer is required, is an objection obviated by the fact, that in the absence of a time fixed by the party in his notice, the law fixes the time when the pleading must be filed. See the case of *Lemons* v. *French*, December Term, 1853.

The judgment of the District Court quashing the notice, is reversed, and the cause remanded.

Judgment reversed.