Reade, J.
 

 It would have been sufficient if the writ had required the defendants to appear at the next term of the court, without stating when the court would be held. And then it would have been the business of’ the defendant to find out when the court would be held. The time being fixed by law, and being besides a matter of general notoriety, there would have been no occasion for mistake. We are aware that it is usual to state the time in the writ; i. e., the particuiar Monday on which the court is to be held, and it would not be improper to state the day of the month also, but it is not
 
 necessary to
 
 state either. It is also usual to state in the attestation clause the term from which it was issued, and the year of American Independence, and the year of Our Lord, but leaving out or misstating one or both of these would not make the writ void, provided it appeared sufficiently certain from some other description when the writ issued.
 
 Goodman v. Armstead,
 
 4 Hawks, 19.
 

 The defendants’ bond for appearance was conditioned for their appearance at the proper time; the writ was served more than ten days before court, and they were present in court; so that there was in fact no surprise.
 

 The clerical mistake of misstating the Monday on which the court was to be held, was a proper subject of amendment. His Plonor had the power to allow the amendment, and there was no error in its exercise.
 

 This will be certified, &c.
 

 Per Curiam. There is no error.