[No. 700.  Decided March 29, 1893.]

ENGELBERT BAST, *Appellant*, v. CORNELIUS B. HYSOM, ADELBERT FOLSOM AND D. H. MOORE, *Respondents.*

APPEAL — OBJECTIONS NOT RAISED BELOW — VACATION OF JUDG-
MENT.

The fact that a petition to vacate a judgment had been filed in a cause subsequent to the denial of a motion to vacate the judgment on the same grounds, cannot be urged for the first time on appeal.

Where judgment has been taken against defendant by default for his failure to answer, the judgment should be set aside when it appears that he has a defense upon the merits of the case and was misled by a statement of plaintiff's attorney that the cause would be tried several months later than the time at which default was taken.

*Appeal from Superior Court, Snohomish County.*

*Bell & Austin*, for appellant.

*Black & Edwards*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—On the 21st day of April, 1892, judgment was rendered by the superior court of Snohomish county in favor of the respondents Cornelius B. Hysom and Adelbert Folsom, against the appellant by default, for the sum of $1,359.   The process in said action was served on appellant on the 31st day of March, 1892.   Appellant moved to vacate the judgment upon the grounds that he had not appeared and pleaded within the time prescribed through inadvertence and excusable neglect, and because one of the attorneys for the respondents had represented to him that said cause would not come on for hearing until the June term of said court, and that it would be unnecessary for him to do anything therein before said time.   On the 31st

day of May following, this motion was denied, and upon June 2d appellant filed a petition to vacate said judgment, setting up substantially the same grounds. At the hearing upon this petition the respective parties appeared, and proofs were submitted by each of them, and the court denied the application; whereupon an appeal was taken to this court.

.The respondents urge that the appellant was barred from prosecuting this proceeding in consequence of his having previously moved to vacate the judgment on the same grounds. The appellant urges that the reason the court denied his motion was because he had not resorted to the proper proceeding; that, instead of filing a motion in the original cause, he should have proceeded by petition, as he did do subsequently. And he further insists that the respondents cannot now be heard to raise this objection, for the reason that they did not make it in the court below, but went to trial on the merits of the petition. We find nothing in the record to indicate upon what grounds the court denied the motion, but it does not appear that the respondents objected to the petition because said matters had been previously determined on the motion, or that they set up said proceedings as a bar thereto, and the parties did go to trial upon the merits. Consequently the point is not available here.

A number of affidavits were submitted to the court below at the hearing upon the petition, the contents of which it is unnecessary to set forth. If the appellant's claim is maintained, he has a defense upon the merits to said action, and we think the facts are such that the court should have vacated the judgment taken against him by default. According to the testimony of appellant, it appears that but $200 was claimed of him before suit, and he disputes any liability even for this amount, and the facts alleged by him

show a defense thereto. It also appears from this show-ing that he was inexperienced in the law, and was under the belief that it was unnecessary for him to appear or plead in said action until the next term of court succeeding its commencement, which would have been in June; and it further appears that he received information to this effect from one of the attorneys of the respondents. Said at-torney, while denying the conversation as alleged by ap-pellant, admits that he did have a conversation with him at the time with reference to the suit, which he details, and enough appears therefrom to justify the belief that the ap-pellant understood from what was there said that it was not necessary for him to take any action in the premises until said June term of court. After appellant had notice that judgment had been taken against him, he proceeded with due diligence to have the same set aside and the ac-tion reopened. From all the circumstances in the case, we are satisfied that the judgment of the court below, in deny-ing defendant's application to have said judgment vacated, should be reversed; and it is so ordered, and the cause is remanded with instructions to said court to permit the ap-pellant to file an answer to the complaint in said action, and for such further proceedings as may be authorized in the premises.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.

ANDERS, J., not sitting.