[No. 7109.   Decided May 20, 1908.]

WILLIAM H. STUBBS, *Respondent*, v. CONTINENTAL TIMBER COMPANY, *Appellant*.[1]

PROCESS—SUMMONS BY PUBLICATION—FORM—SUBSTANTIAL COMPLIANCE.   A summons for publication requiring the defendant to appear within sixty days after a specified date, is "substantially" in the form prescribed by Bal. Code, § 4878, which requires appearance to be within "sixty days after the date of the first publication of this summons, to wit, within sixty days after....day of......;" the omission of reference to the first publication being immaterial where the date thereof itself is given (MOUNT and CROW, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Linn, J., entered November 15, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title.   Reversed.

*H. H. Field* and *Frank H. Owings*, for appellant.

*Revelle, Revelle & Revelle*, for respondent.

FULLERTON, J.—In October 1904, one George P. Rossman began an action in the superior court of King county against the respondent and others to recover upon an account for legal services rendered a brother of the respondent.   At the time of commencing the action, he sued out a writ of attachment, and caused the same to be levied on certain real estate belonging to the respondent, situated in Thurston

[1]Reported in 95 Pac. 1011.

county. Personal service could not be had upon the respondent, and the following summons was served by publication:

"The State of Washington to William H. Stubbs, defendant: You are hereby summoned to appear within sixty days after the 16th day of December, 1904, and defend the above entitled action in the above entitled court, and answer the complaint of the plaintiff, and serve a copy of your answer upon the undersigned, attorneys for the plaintiff, at their office below stated, and in case of failure on your part so to do, judgment will be rendered against you according to the demand of the complaint, which has been filed with the clerk of said court. That plaintiff's cause of action against you is for services rendered by him at the request of you and your codefendants in the defending of your brother, Fred R. Stubbs at Tacoma, Washington, on the 12th day of September, 1904, and for moneys paid out by the plaintiff in said case at your request. The total amount claimed by the plaintiff is $378."

The respondent made default, and judgment was taken against him for the sum recited to be due in the summons, under which judgment the attached real property was sold by the sheriff pursuant to statute. The appellant is the owner by mesne conveyances of the title so acquired. The respondent conceived that the proceedings leading up to the sale were void, having the effect only of casting a cloud upon its title, and he began the present action to remove the cloud, and otherwise quiet his title to the premises. The trial judge held that the judgment under which the property was sold was void for want of the service of a sufficient summons, and entered a judgment in accordance with the prayer of the complaint, being the judgment from which this appeal is taken.

There is but one question presented by the record, namely, the sufficiency of the published summons. The statute prescribing what the published summons shall contain, provides, among other things, that it "shall require the defendant or defendants upon whom service by publication is desired, to appear and answer the complaint within sixty days from the date of the first publication of such summons." And the form

given, to which the summons as published must substantially comply, is as follows:

"In the superior court of the state of Washington for the county of ——————————.

—————————————, Plaintiff,

vs.                                    No. . . . . . .

——————————————, Defendant.

"The state of Washington to the said (naming the defendant or defendants to be served by publication):

"You are hereby summoned to appear within sixty days after the date of the first publication of this summons, to wit, within sixty days after the ——————— day of ———————————, 1————, and defend the above entitled action in the above entitled court, and answer the complaint of the plaintiff, and serve a copy of your answer upon the undersigned attorneys for plaintiff ———————————, at his (or their) office below stated; and in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint, which has been filed with the clerk of said court. (Insert here a brief statement of the object of the action.)

———————————————————————,

"Plaintiff's Attorneys.

"P. O. address, ——————————, county ——————————, Washington." Bal. Code, § 4878 (P. C. § 336).

The published summons, it will be noticed, while sufficiently regular in other respects, omits the words "after the date of the first publication of this summons, to wit," which precede the actual date given as prescribed in the form, and it is this omission that is thought to render the summons void. We are of the opinion, however, that the omission is not fatal to the judgment. No doubt it was the purpose of the framers of the statute to provide a summons so definitely worded that the defendant summoned would know with certainty the time within which no default could be entered against him, but the wording of the statute makes it clear that they did not intend to prescribe a particular form of words with which the idea should be expressed to the exclusion of all others. The requirement is that the summons shall be substantially in the

form given, not that it shall be a literal transcript of that form. The summons published is as definite as the prescribed form in fixing the time within which the defendant must appear. It summons the defendant to appear within sixty days from a given date, and this is all that form given does or can do. In point of definiteness it adds nothing to the summons to insert preceding the date the words, "after the date of the first publication of this summons, to wit." These words but describe an event which may or may not have happened on the date given. To ascertain that fact the defendant must resort to the initial copy of the paper in which the summons is being published, or he must inspect the proofs of publication after they are returned and filed in court. The same sources of information are equally open to him whether the words omitted here are or are. not included in the summons as published. The insertion of the words, therefore, cannot instruct nor can their omission mislead the defendant, and, since only a substantial compliance with the statute is required, it would seem to be sacrificing the substance to the shadow to hold that the omission of the words is fatal to a judgment entered thereon.

The cases cited from this court to sustain the trial court, viz., *Thompson v. Robbins*, 32 Wash. 149, 72 Pac. 1043; *Smith v. White*, 32 Wash. 414, 73 Pac. 480; *Woodham v. Anderson*, 32 Wash. 500, 73 Pac. 536; *Young v. Droz*, 38 Wash. 648, 80 Pac. 810; *Dolan v. Jones*, 37 Wash. 176, 79 Pac. 640, and *Owen v. Owen*, 41 Wash. 642, 84 Pac. 606, will be found on inspection to have no bearing on the question here suggested, and we refrain from commenting upon them.

The judgment is reversed, and remanded with instructions to enter a judgment in favor of the defendant to the effect that the plaintiff take nothing by his action.

HADLEY, C. J., RUDKIN, and DUNBAR, JJ., concur.

MOUNT, J. (dissenting)—The conclusion reached by the majority upon the point discussed is probably correct, but

the statute [Bal. Code, § 4878 (P. C. § 336)], requires a published summons to "contain a brief statement of the object of the action." The object of the action in *Rossman v. Stubbs* was to obtain a judgment for money and also to enforce such judgment against certain attached real estate. There is no intimation in the summons that the action is for anything more than to recover a personal judgment of $378. Upon the face of the summons that action was *in personam*, upon which no valid judgment could be entered. *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; *Cosh-Murray Co. v. Tuttich*, 10 Wash. 449, 38 Pac. 1134. In order to be effective as a notice the published summons should have stated the object which would have shown jurisdiction in the court. The summons as published was not only insufficient under the statute, but was misleading. It is true this particular question is not made in the briefs, but it is apparent on the face of the record. The judgment, in my opinion, should be affirmed. I therefore dissent.

CROW, J., concurs with MOUNT, J.