[No. 10128.  Department Two.  August 21, 1912.]

## OLD REPUBLIC MINING COMPANY, *Appellant*, v. FERRY COUNTY *et al., Respondents.*[1]

TAXATION—FORECLOSURE — SALE—NOTICE — DESCRIPTION OF PROPERTY—MINING CLAIMS. Upon a collateral attack of a tax foreclosure sale of mining claims, a notice of sale describing the claims as the R. lode and the C. lode, with the number of acres in each, when the government patents named them as the R. lode and the C. "Fraction," is sufficient, in the absence of a showing that the claims could not be found from the description given.

TAXATION—FORECLOSURE PROCEEDINGS—PRESUMPTIONS. The presumption being in favor of the regularity of tax proceedings, an assessment of two mining claims *in solido* instead of in parcels, as required by law, will not be found from the mere fact that the certificate of delinquency was for the total amount.

PROCESS—SUMMONS BY PUBLICATION—FORM—SUBSTANTIAL COMPLIANCE. A summons for publication requiring the defendant to appear within sixty days after a specified date, is substantially in the form prescribed by Bal. Code, § 4878, which requires appearance to be within "sixty days after the date of the first publication of this summons, to-wit, within sixty days after.....day of.........;" the omission of reference to the first publication being immaterial where the date thereof itself is given.

SAME—NOTICE—PROOF. Proof that a notice of a tax sale was duly given as required by law may be shown by recitals in the county treasurer's return of the sale.

SAME—FORECLOSURE PROCEEDINGS—COLLATERAL ATTACK—DEED— EVIDENCE OF REGULARITY. In a collateral attack upon a tax foreclosure sale, the deed is conclusive of the regularity of the proceedings as against mere omissions in the recitals contained in the record, in view of the statute making the deed *prima facie* evidence that the sale was conducted in the manner required by law.

SAME—ACTION TO SET ASIDE—CONDITIONS PRECEDENT—TENDER OF TAX—WAIVER. A tender of taxes, made by statute a prerequisite to a suit to set aside a tax sale, cannot be excused by an allegation that the county had proclaimed and stated that any tender on account of taxes for the year in question would be refused; no officer of the county having any authority to make any such waiver.

[1]Reported in 125 Pac. 1018.

Appeal from a judgment of the superior court for Ferry county, Peck, J., entered November 22, 1910, dismissing an action to set aside a tax sale, upon sustaining a demurrer to the complaint. Affirmed.

*John Salisbury* and *E. C. Macdonald,* for appellant.

*John W. Mathews,* for respondents.

FULLERTON, J.—This action was brought for the purpose of setting aside a sale of certain mining claims, made by the county of Ferry in a general foreclosure proceeding instituted to enforce the payment of delinquent taxes. A general demurrer was interposed to the complaint, and sustained, and on the election of the plaintiff to stand thereon, judgment to the effect that it take nothing by its action and for costs was entered against it. This appeal followed.

In support of its appeal, the appellant makes four principal contentions, namely: (1) that the sale is invalid for want of a sufficient description of the property sold; (2) that the property was assessed *in solido,* whereas the law requires that each separate parcel be assessed separately; (3) that the summons in the foreclosure proceedings failed to comply with the requirements of the statutes and was therefore void; and (4) that it does not appear from the record that the county treasurer gave the statutory notice of the time and place of the foreclosure sale.

With reference to the description, it appears that in the assessment rolls and the foreclosure proceedings, the claims were described as the "Republic Lode" and the "Cecelia Lode"; each description being followed by a statement of the number of acres contained therein. . The names used were the names given the claims in the government's patents; except that the Cecelia Lode was called therein the "Cecelia Fraction." But we think, nevertheless, the description sufficient to identify the properties. It must be remembered that the appellant is attacking the judgment of foreclosure

collaterally, and all intendments are in favor of the regularity of the judgment. Therefore, in the absence of a showing that these claims could not be found and located from the description given, the court will presume that they can be so found and located, and this is all that is required of a description of property in a deed of conveyance. *Sengfelder v. Hill*, 21 Wash. 371, 58 Pac. 250; *Newman v. Buzard*, 24 Wash. 225, 64 Pac. 139.

Whether there is any foundation for the claim on which the second objection is based, the record does not disclose, as the manner in which the property was assessed in this respect is not shown. In the certificate of delinquency the "total amount" of the assessment is given in one lump sum, and it may be that under certain circumstances we would presume that the valuation on the assessment roll was in similar form; but we will not so presume where the effect of the presumption is to invalidate the assessment. As we have stated, the presumption is in favor of the regularity of the proceedings, and they will be presumed valid unless the contrary clearly appears on the face of the record.

The service of the summons upon the appellant in the tax foreclosure proceedings was made by publication. The summons as published was directed to the appellant, and summoned and required it "to appear within sixty (60) days after the eleventh day of August, A. D. 1906, and defend the above entitled action, or pay the amount due upon the certificate," etc. The statute (Rem. & Bal. Code, § 9253) provides that, where service of the summons in a tax foreclosure proceeding is made by publication, the summons shall contain "a direction to the owner, summoning him to appear within sixty days after the date of the first publication of the summons, exclusive of the day of said first publication, and defend the action or pay the amount due." The form given to which the published summons must substantially comply is as follows:

In the superior court of the state of Washington for the county
of..........................

................................., Plaintiff,

            vs.                              No............

................................,Defendant.

The state of Washington to the said (naming the defendant or
defendants to be served by publication):

You are hereby summoned to appear within sixty days after the
date of the first publication of this summons, to wit, within sixty
days after the.........day of........., 1...., and defend the above
entitled action in the above entitled court, and answer the complaint
of the plaintiff, and serve a copy of your answer upon the under-
signed attorneys for plaintiff......, at his (or their) office below
stated; and in case of your failure so to do, judgment will be ren-
dered against you according to the demand of the complaint, which
has been filed with the clerk of said court.   (Insert here a brief
statement of the object of the action.)

.......................................,
                        Plaintiff's Attorneys.
P. O. address, ............, county............, Washington.

It is objected to the published summons in the instant case
that it does not contain a direction to the defendant "sum-
moning him to appear within sixty days after the date of the
first publication of the summons, exclusive of the day of said
first publication."   In other words, it is contended that the
summons in order to be valid must follow the form prescribed
by the statute, and summon the defendant "to appear within
sixty days after the date of the first publication, to wit:
within sixty days after the ...... day of ...... and defend
the above entitled action, . . ."   A similar objection was
made to the summons in the case of *Stubbs v. Continental
Timber Co.*, 49 Wash. 431, 95 Pac. 1011, answering which
we said:

"The published summons, it will be noticed, while suffi-
ciently regular in other respects, omits the words 'after the
date of the first publication of this summons, to wit,' which
precede the actual date given as prescribed in the form, and
it is this omission that is thought to render the summons void.
We are of the opinion, however, that the omission is not fatal
to the judgment.   No doubt it was the purpose of the fram-
ers of the statute to provide a summons so definitely worded

that the defendant summoned would know with certainty the time within which no default could be entered against him, but the wording of the statute makes it clear that they did not intend to prescribe a particular form of words with which the idea should be expressed to the exclusion of all others. The requirement is that the summons shall be substantially in the form given, not that it shall be a literal transcript of that form. The summons published is as definite as the prescribed form in fixing the time within which the defendant must appear. It summons the defendant to appear within sixty days from a given date, and this is all that form given does or can do. In point of definiteness it adds nothing to the summons to insert preceding the date the words, 'after the date of the first publication of this summons, to wit.' These words but describe an event which may or may not have happened on the date given. To ascertain that fact the defendant must resort to the initial copy of the paper in which the summons is being published, or he must inspect the proofs of publication after they are returned and filed in court. The same sources of information are equally open to him whether the words omitted here are or are not included in the summons as published. The insertion of the words, therefore, cannot instruct nor can their omission mislead the defendant, and, since only a substantial compliance with the statute is required, it would seem to be sacrificing the substance to the shadow to hold that the omission of the words is fatal to a judgment entered thereon."

This case is direct authority in support of the sufficiency of the summons in the case at bar, and as we are satisfied with the rule there announced we hold the present summons sufficient in substance and form.

By the code (Rem. & Bal. Code, § 9260) it is provided that all sales of property under a tax foreclosure judgment shall be made on Saturday between the hours of 9 o'clock in the morning and 4 o'clock in the afternoon, after first giving notice of the time and place where such sale is to take place for ten days successively by posting notice thereof in three public places in the county where the land lies one of which shall be in the office of the county treasurer. The statute prescribes no form for making and preserving a

record of such sales, and it is alleged in the complaint that it does not appear that the required notice was given in the case now before us. But the treasurer's return of the sale of the premises does appear in the record. In the return it is recited that the sale was made on December 1, 1906, between the hours of 9 o'clock in the forenoon and 4 o'clock in the afternoon, "after first giving due legal notice of the time and place of such sale by posting notice thereof for ten days successively in three public places in 'Ferry County,' one of which was at my office . . ." If it be necessary in order to hold the sale valid to find in the record proofs that the statute was complied with in respect to giving notice of the time and place of sale, we think the return supplies such proof. But it is not necessary that this fact appear of record in order to sustain the sale in this proceeding. In addition to the fact that in a collateral attack all presumptions are in favor of the record, it is provided by statute that the deed executed by the county treasurer to lands sold for taxes shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser to the real estate thereby conveyed of the fact "that the sale was conducted in the manner required by law." Rem. & Bal. Code, § 9267. This is conclusive of the regularity of the proceedings as against any mere omissions in the recitals contained in the record.

The foregoing considerations lead us to conclude that the appellant's contentions are without force when considered upon their merits. There is, however, another reason why the appellant cannot prevail in this particular suit, even were the contentions considered all well taken. It is provided by statute that no action or proceeding shall be commenced or instituted in any court in this state for the recovery of property sold for taxes unless the person desiring to institute such action or proceeding shall first pay or cause to be paid, or shall tender to the officer entitled under the law to receive the same, all taxes, penalties, interest, and costs

justly due and unpaid on the property sought to be recovered. Rem. & Bal. Code, § 955. In this case no tender was made to the county of the taxes, penalties, interest and costs for which the property was sold. On the contrary, the appellant instead of making the tender required, sought to excuse such a tender by alleging "that the defendant county has given out, proclaimed, and stated unto the plaintiff that any tender of taxes, interest, penalties and costs made by your orator on account of the taxes assessed for the year 1900, or any other years, would be refused and would not be accepted; that the said county further asserted that it was the owner in fee of said mining claims, subject only to the terms and conditions of the lease hereinbefore referred to, and that your orator has no interest in said mining claims or either of them." This allegation is wholly inadequate to show a waiver by the county of the statutory tender. It is impossible that the county could make such a declaration. The officer to whom a tender would be proper and to whom it is made could in his official capacity refuse to accept the tender, but he cannot in advance of such tender waive the right of the county to have a tender made its proper officer as a condition precedent to submitting itself to an action. It is true this court has held that a private individual may waive a tender required under a similar statute. But the individual represents only his own interests, and may waive such statutory rights given him as he chooses. The officer, on the contrary, represents the county, and his power in his representative capacity is only such as the statute gives him. There is no statute conferring upon him the power to waive a tender made by statute a condition precedent to the right to maintain an action against the county.

The judgment appealed from is affirmed.

MOUNT, ELLIS, MORRIS, and PARKER, JJ., concur.