[No. 13936.  Department Two.  July 21, 1917.]

ALEX. PALTRO, *Appellant*, v. JOSEPH GAVENAS, *Respondent*.[1]

JUDGMENT—DEFAULT—VACATION OF DEFAULT—FRAUD—PETITION—SUFFICIENCY.  The holder of a prior unrecorded mortgage is entitled to the vacation of a default judgment foreclosing his rights at the suit of a subsequent mortgagee having notice and conspiring with the mortgagor, where it appears that he did not understand the English language, and was told that the papers served were a summons to appear as a witness and that the attorney was protecting his interests; and a petition for the vacation setting forth such facts is sufficient to require the court to take testimony to determine whether there exists substantial evidence to sustain *prima facie* the allegations.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 20, 1916, denying a petition to vacate a judgment.  Reversed.

*H. R. Lea*, for appellant.

[1] Reported in 166 Pac. 1156.

MOUNT, J.—This is an appeal from an order of the lower court, denying the appellant's petition to set aside a default judgment and vacating an order restraining the sale of mortgaged property.

The facts are substantially as follows: On August 4, 1913, Joseph Gavenas loaned to William Kavalauskas and wife $250, and, to secure the repayment thereof, took a mortgage upon lot 8 and the west half of lot 9, in block 8345, in the Indian addition to the city of Tacoma. This mortgage was not filed for record by Mr. Gavenas until the 8th day of April, 1916. In the meantime, on September 8, 1913, the appellant loaned to William Kavalauskas and wife $600, and, to secure the note, took a mortgage for that amount upon the property theretofore mortgaged to Mr. Gavenas. Appellant's mortgage was duly recorded. Thereafter, on April 12, 1916, Mr. Gavenas brought an action against Kavalauskas and wife and appellant to foreclose the mortgage for $250. It was alleged in the complaint of Mr. Gavenas that, at the time he took the mortgage, he was told by the mortgagors that it would not be necessary for him to record his mortgage as it would cost plaintiff much money, and that they intended to pay the note in less than a year; that Mr. Gavenas was a Lithuanian by birth, and did not speak or understand the English language, and was ignorant of the necessity of recording his mortgage to protect his interests; that he believed that the mortgagors were advising him for his own best interest, and for that reason the mortgage was not recorded. The complaint also alleged that this appellant, who was made a defendant in the foreclosure action, held a mortgage for $600 against the same property, but that appellant, at the time he took his mortgage, knew of the unrecorded mortgage held by the plaintiff for $250; that he conspired with the mortgagors to defraud the plaintiff by attempting to render plaintiff's mortgage subject to the latter mortgage.

Appellant was served with a copy of the complaint and summons in that case. He did not appear therein, and a judgment was entered by default on August 4, 1916. This judgment decreed the mortgage of appellant subsequent to the mortgage of the plaintiff. Thereafter, on September 15, 1916, appellant filed a petition to vacate the default judgment. It is alleged in the petition that appellant is of Polish descent, twenty-six years of age, that he is not versed in the English language and does not understand the legal terms and proceedings in the courts; that, on the 8th day of September, 1913, he loaned to William Kavalauskas and wife $600 upon their promissory note secured by a mortgage upon the property in question; that, at the time he made the loan, he had no notice or knowledge that any other person claimed an interest in the property, or that Mr. Gavenas had a mortgage thereon; that, in good faith, he believed his mortgage was a first lien upon the property until after the judgment had been obtained; that, during the month of April, 1916, the attorney for Mr. Gavenas in the foreclosure action had a conversation with appellant, and caused him to believe that, as attorney, he was acting for appellant in sustaining appellant's mortgage upon the property; that some papers were left with appellant by the attorney, but these papers were understood to summons appellant as a witness in the case, and that he did not understand that his rights under the mortgage were being attacked, and did not understand that he was required to appear and answer the complaint in the mortgage foreclosure; that, by reason thereof, he failed to appear and protect his interest under his mortgage, and did not authorize any one to appear for him; that he did not know that his mortgage was being attacked until the 14th day of September, 1916, after the default judgment had been entered. He alleged in his petition that all the other parties to the action were insolvent. He also alleged that Mr. Gavenas and the other defendants were attempting to defraud him out of the $600 which was secured by his mortgage

aforesaid. When this petition was filed, the trial court entered an order restraining further proceedings under the judgment obtained by Gavenas against Kavalauskas and wife and the appellant. Thereupon, a motion was filed on behalf of Gavenas to vacate the restraining order, and the lower court, upon a hearing, denied the petition upon the allegations thereof, and vacated the restraining order. This appeal followed.

We are not informed upon what grounds the trial court held the petition insufficient. The respondent has not appeared in this court. It seems clear to us that the facts stated in the petition are sufficient to set aside the default judgment. If the allegations of the petition are true, to the effect that Mr. Paltro did not know of the unrecorded mortgage at the date his mortgage was given, his mortgage is clearly a prior mortgage upon the premises. If he did know of the other mortgage, his mortgage would not be a prior one. If the fact is that he did not understand the English language, as he alleges in his petition, and was told by counsel for Mr. Gavenas that counsel was protecting appellant's interest under the mortgage, and was told that the papers served upon appellant required him to be only a witness in that case, it seems this would be a sufficient excuse for appellant's nonappearance in the foreclosure case. In *Bast v. Hysom*, 6 Wash. 170, 32 Pac. 997, we held that, where a judgment has been taken against defendant by default for his failure to answer, the judgment should be set aside when it appears that he had a defense upon the merits of the case and was misled by the statement of the attorney that the cause would be tried several months later than the time at which the default was taken. It clearly appears here, from the allegations of the petition to vacate the judgment, that the petitioner has a defense against the unrecorded mortgage. He did not understand the English language and was led to believe by counsel for respondent that his rights were not

being affected, and for that reason he did not appear to contest the foreclosure of the unrecorded mortgage.

The rule is that, where the judgment sought to be vacated is not void for lack of jurisdiction, but is merely voidable because irregularly or fraudulently procured, it will not be vacated until the court has found, not only that the facts alleged in the petition to vacate constitute a defense, but also that there is substantial evidence to support at least *prima facie* the matter of defense so alleged.

In *Williams v. Breen*, 25 Wash. 666, 66 Pac. 103, this court said:

"The statute provides (§ 5158) [Rem. Code, § 469] that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered. In the case before us the trial court made the necessary adjudication; but it is said this could only be done after a trial of the defense upon its merits, and that here there was no such trial. But the statute cannot mean that the court must hear the entire cause, and grant the petition only when it appears that the evidence preponderates in favor of the applicant. The weight and sufficiency of evidence in this form of action are questions for a jury. It is sufficient to determine the question here presented, that the court finds that the facts alleged constitute a defense to the cause of action stated in the complaint, and that there is substantial evidence to support the allegations."

In *Tacoma Lumber & Mfg. Co. v. Wolff*, 7 Wash. 478, 35 Pac. 115, 755, this court said:

"All courts hold, and we have frequently done so, that it is not enough to entitle a party to have a judgment against him vacated, that he should show that it had been irregularly entered; he must, in addition thereto, establish to the satisfaction of the court the fact that such judgment is unjust and inequitable as against him. Proceedings of this kind are of an equitable nature, and courts will not interfere with the judgment simply because it may have been erroneously entered, unless, in addition thereto, it is made to appear that it is unjustly burdensome to the moving party. In such a proceeding pure technicalities can have little influence upon the

decision of the court, if the judgment sought to be vacated is not of such a nature that, if it were set aside, the moving party would be able to interpose a substantial defense upon a new trial, or in another proceeding involving the same cause of action."

This is not only the rule in this state, but it is the general rule under statutes similar to our statute, Rem. Code, § 469.

"The applicant must show that he has a valid and meritorious defense to the action; and this must be made to appear, not by a mere averment that he has such a defense, but by setting forth fully the facts which constitute the proposed defense. And in some of the states, it is provided by statute that a judgment shall not be vacated until it is adjudged that there is a valid defense to the action, or, if the plaintiff seeks its vacation, that there is a valid cause of action. Where this provision is in force, it is error for the court to render a judgment of vacation before it has adjudged that there is a valid defense." Black, Judgments (2d ed.), § 346a.

The court, therefore, should have taken testimony to determine whether there exists substantial evidence to sustain *prima facie* the allegations of the petition, and thereon either vacate or refuse to vacate the judgment; and, if the judgment is vacated, to try out and determine the priority of these mortgages.

The order appealed from is reversed, and the cause remanded for further proceedings.

ELLIS, C. J., FULLERTON, HOLCOMB, and PARKER, JJ., concur.