[No. 14273.   Department One.   January 30, 1918.]

SPOKANE MERCHANTS ASSOCIATION, *Appellant*, v.

R. M. ACORD, *Respondent*.[1]

PROCESS—SUMMONS—FORM—STATUTES.   A summons omitting the words "exclusive of the day of service" from the form prescribed by Rem. Code, § 223 "substantially" complies with the form as required by said section, since the requirement is not mandatory, in view of Id., § 252, requiring the time to be computed by excluding the first day and including the last, and by the fact that a summons omitting such clause complies with all the requirements of Id., §§ 221, 222, as to the contents of the summons.

JUDGMENT—DEFAULT—VACATION—MERITORIOUS DEFENSE.   A judgment of default entered upon sufficient service, by a court having jurisdiction can be rightfully vacated only by showing a valid excuse for failure to appear, coupled with a *prima facie* showing of a valid defense on the merits.

Appeal from an order of the superior court for Okanogan county, Neal, J., entered February 8, 1917, vacating a default judgment on the ground of a defective summons.    Reversed.

*Peter McPherson*, for appellant.
*J. Henry Smith*, for respondent.

ELLIS, C. J.—The sole question presented by this appeal is whether or not the omission of the words "exclusive of the day of service" from the statutory form of summons pre-

[1] Reported in 170 Pac. 329.

scribed in Rem. Code, § 223, renders such summons void. The action was upon a promissory note, payable on demand. Plaintiff commenced his action by service of summons and a copy of the complaint on July 24, 1916, upon the defendant personally in Okanogan county. Forty-three days after that service having elapsed, and defendant not having appeared nor given any notice of intention to appear, plaintiff moved the court for an order of default. The motion was granted, and the order entered September 5, 1916. Thereafter, on the same day, and upon sufficient findings and conclusions of law, judgment was entered against the defendant. On November 21, 1916, defendant filed his motion to quash the summons and vacate the judgment. On February 3, 1917, the court granted the motion and made an order quashing the summons and vacating the judgment. Plaintiff appeals.

The sections of the statute governing the issuance, contents and form of the summons are §§ 2, 3 and 4 of ch. 127, Laws of 1893, p. 407, prescribing the manner of commencing civil actions in the superior courts. These sections are embodied without change in Rem. Code as §§ 221, 222 and 223. Omitting venue, title and signature, the form prescribed by § 223 is as follows:

"The state of Washington, ———, to the said ———, defendant: You are hereby summoned to appear within twenty days after service of this summons, exclusive of the day of service, and defend the above entitled action in the court aforesaid; and in case of your failure so to do, judgment will be rendered against you, according to the demand of the complaint, which will be filed with the clerk of said court, or a copy of which is herewith served upon you."

It will be noted, without the necessity of particularizing, that this form, prescribed as "substantially" to be followed, does not embody everything found in the two prior sections relating to the issuance and contents of the summons. *Wagnitz v. Ritter*, 31 Wash. 343, 71 Pac. 1035. It only undertakes to perform the dominant purpose of any summons,

namely, to give notice with certainty of the definite time pre-
scribed by law within which after service the defendant must
appear and defend, and to advise him of the consequences of
his failure to do so. Any summons, therefore, which defi-
nitely and certainly gives notice of these things must be held
a substantial, hence a sufficient, compliance with that form.
Such is the purport of the decisions of this court touching
the prescribed form of service by publication contained in
Rem. Code, § 233. *Old Republic Min. Co. v. Ferry County*,
69 Wash. 600, 125 Pac. 1018; *Stubbs v. Continental Timber
Co.*, 49 Wash. 431, 95 Pac. 1011. As said by this court in
*Wagnitz v. Ritter, supra,* "the summons is in no sense a
process of the court; it is a notice merely." See, also, *Porter
v. Vandercook*, 11 Wis. 70. It ought to be held sufficient,
therefore, when it performs the office of notice of the things
required in the statute so certainly as not to deceive or mis-
lead. *Worster, Templin & Co. v. Oliver*, 4 Iowa 345. It is
self-demonstrative that, if the words used in the summons
before us mean precisely the same thing as the words used in
the statutory form, it is a substantial compliance with that
form. Things equal to the same thing are equal to each other.
Section 26 of the same act of 1893 (Laws 1893, p. 415), em-
bodied in Rem. Code as § 252, is as follows:

"The time within which an act is to be done shall be com-
puted by excluding the first day and including the last. If
the last day falls on a Sunday it shall be excluded."

It is plain, therefore, that, by the very terms of this, an-
other section of the same statute, the words "within twenty
days after service," even without the words "exclusive of the
day of service," mean precisely what they mean when ex-
pressly so qualified. We are thus forced to the conclusion
that the summons before us substantially complies with the
statutory form, unless we hold that the statutory form is
mandatory regardless of the fact that the statute itself makes
a substantial compliance sufficient.

If the language of the statutory form were so exact and certain as to meet every contingency without reference to the rule for computation of time laid down in § 252, there would be more force in the argument that the legislature had intended the inclusion of the words "exclusive of the day of service" as mandatory and essential to the validity of the summons. But the statutory form is not so certain as to meet every contingency. It makes no provision for the contingency that the last day of the twenty may fall on a Sunday. So that, in any event, when that contingency arises, as it very often may, resort must be had to the later section (§ 252) governing computation of time. Since resort must be had to that section for the meaning of the words "within twenty days after service," in the one contingency, why then may we not resort to it in the other contingency which that section just as fully meets? To put the matter another way: If the words used in the summons "within twenty days after service" are so certain and definite merely by a reference to § 252 that, without more, they meet the contingency that the last day of the twenty may fall on a Sunday, then why in reason are they not sufficient, by reference to the same law, to meet the case when the last day of the twenty falls on any other day of the week, since § 252 gives just as definite and certain a meaning to the term "within twenty days after service" in the one case as in the other? The failure of the legislature to provide for both contingencies in the statutory form of summons strongly argues that the inclusion of the words "exclusive of the day of service" was not regarded as vital, in view of the fact that the statute governing computation of time in all cases had long existed prior to the passage of the act of 1893 and was reenacted therein. Code of 1881, § 743; 2 Hill's Code, § 794; Rem. Code, § 150. Indeed, if the words of the form "exclusive of the day of service" were held mandatory and controlling in all cases, they would preclude a resort to the provisions of § 252 in any case, and would prevent the application of that section as defining the

twenty days even when the last day of the twenty fell on a Sunday.

It may be stated as a general rule that a defect such as that here presented, even in writs or other technical process of the court, would not render such process void. *Yonge v. Broxson,* 23 Ala. 684; *Merrill v. Barnard,* 61 N. C. 569; *Butcher v. Brand,* 6 Iowa 235; *Morgan v. Woods,* 33 Ind. 23. In each of the following cases a summons much more defective than that here involved was sustained: *Guion v. Melvin,* 69 N. C. 242; *Porter v. Vandercook, supra.* In *Guion v. Melvin,* the court said:

"We do not say that this deviation from the statute form is such an irregularity as will make the summons void, although it is always best and safest to follow the form prescribed by the code. But clearly the defendant cannot be abridged of any right by such an irregularity; he is not obliged to appear until the twentieth day after service, exclusive of the day of service, and any proceeding had before that day is null and void. We think the probate judge was not bound to dismiss the proceeding for the irregularity, but that he should have allowed the defendants the time allowed by the code for an appearance."

We hold that the summons in the case before us presents a substantial compliance with the statute, and that its filing in court with proof of service gave the court jurisdiction to render the personal judgment at any time after twenty days from the date of service, computed as prescribed in § 252. The summons was not void, hence the judgment was not void. The judgment was not prematurely entered. Respondent offers no excuse for not appearing and initiating his defense, if defense he had, within the twenty days, however computed. The judgment not being void, respondent could rightfully procure its vacation only by showing some excuse valid in law for his failure to appear, and, at the same time, alleging and proving *prima facie* that he had a valid defense upon the merits. *Paltro v. Gavenas,* 97 Wash. 327, 166 Pac. 1156; *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158;

*Ball v. Mander*, 19 How. Pr. (N. Y.) 468; Black, Judgments (2d ed.), § 346a.

The order appealed from is reversed, with direction to the trial court to reinstate the judgment as originally entered.

MAIN, PARKER, FULLERTON, and WEBSTER, JJ., concur.