[No. 16105. Department Two. March 16, 1921.]

RHODA CORLISS, *Appellant*, v. C. A. McFERRAN et al., *Respondents*.[1]

TIME (3)—DAYS—EXCLUDING FIRST OR LAST DAY. Under Rem. Code, § 223, providing for a summons requiring defendants to appear within twenty days, exclusive of the day of service, and Id., § 252, providing that the time is to be computed by excluding the first day and including the last, a summons served on March 11th gives March 31 in which to appear, and a default judgment entered on March 31 is premature.

Appeal from an order of the superior court for Thurston county, Wright, J., entered May 26, 1920, vacating a default judgment prematurely entered. Affirmed.

*Geo. F. Yantis* and *Troy & Sturdevant,* for appellant.

*Harry L. Parr,* for respondents.

MAIN, J.—The defendants were personally served with summons and a copy of the complaint on the eleventh day of March, 1920. On the 31st day of March following, a default judgment was taken against them. Later during the same day, they appeared by serving and filing a demurrer. Thereafter they applied to the court to have the default judgment vacated and set aside. From the order annulling the judgment, the plaintiff appeals.

The sole question in the case is whether the default judgment was prematurely entered. Under the form of the summons as provided in § 223, Remington's 1915 Code, the defendants were required to appear within twenty days after the service of the summons exclusive of the day of service. Under § 252 of the Code, the time within which an act is to be done is computed by

[1]Reported in 196 Pac. 583.

excluding the first day and including the last. In this case the thing to be done by the defendants as required by the summons was to appear within twenty days. Excluding the eleventh day of March, the day on which the service was made, and including the thirty-first day of March, the latter day would be the twentieth day after the service. The default judgment, being taken on this day, was prematurely entered. In *Spokane Merchants' Ass'n. v. Acord,* 99 Wash. 674, 170 Pac. 329, 6 A. L. R. 835, speaking with reference to a summons, it was said:

"We hold that the summons in the case before us presents a substantial compliance with the statute, and that its filing in court with proof of service gave the court jurisdiction to render the personal judgment at any time after twenty days from the date of service, computed as prescribed in section 252."

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.