FLORA RODRÍGUEZ RODRIGO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, RAFAEL CORDOVÉS ARANA, JUDGE, Respondent; JOSÉ CAPÓ CABALLERO ET AL., Interveners.

No. 1703. Argued November 5, 1947.—Decided March 17, 1948.

*Harry B. Llenza* for petitioner. *Juan Enrique Géigel* and *Guillermo Silva* for interveners.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This Court issued the present writ of certiorari to review an order of the District Court of San Juan annulling a summons. The decision rested on that it was stated in the summons that the defendants had to serve their answer on plaintiff's attorney "within ten days after service of this summons, exclusive of the day of service." The defendants were personally served within the district of San Juan. Since in their opinion the summons did not comply with the requirements of Rule 4(*b*) in connection with 12(*a*) of the Rules of Civil Procedure they prayed the district court to decree the nullity of the summons and it was so decided.

Rule 4(*b*) provides that the summons shall state "the time within which these rules require the defendant to appear and defend." And Rule 12(*a*), in defining the time, prescribes that it shall be within ten days after service of a copy of the summons and the complaint upon him, if the summons is served within the district in which the action is brought; within twenty days if served outside said district but within the Island of Puerto Rico; and within forty days if served elsewhere out of Puerto Rico. Implementing Rule 4(*b*) with the provisions of Rule 12(*a*) we reach the conclusion that the time mentioned in Rule 4(*b*) and which, pursuant thereto, should be stated in the summons, is that prescribed by Rule 12(*a*). Consequently, we are in agreement with the lower court in that the clerk did not strictly comply with Rule 4(*b*) in connection with 12(*a*) in issuing the summons in this case.

Petitioner—plaintiff in the main case—contends that the summons substantially complied with Rule 4(*b*) since it was

served within the district where the action was brought, in which case the term to appear is ten days and precisely that was the term which was indicated in the summons served on defendants. The latter replied, however, that when the clerk issues the summons, he is not aware, nor should it be presumed that he is aware whether the defendant shall be served within the district where the action is brought, in any other district or outside of Puerto Rico and that the fact that he was served within the district is a mere coincidence which does not render the summons valid. But we should not overlook the fact that the main purpose of the summons is to give notice with certainty of the definite time prescribed by law for defendant to appear and defend and to warn him of the consequences of his failure to do so within said period. *Codd* v. *Westchester Fire Ins. Co.,* 128 P. (2d) 968 (Wash. 1942) and *Spokane Merchants' Ass'n.* v. *Acord,* 170 Pac. 329 (Wash. 1918).

In the present case defendants were notified of the term within which they had to appear. The fact that the clerk did not include the other two terms mentioned in Rule 12(*a*) could in no wise prejudice them inasmuch as those two terms were irrelevant because the summons was within the district where the action was brought. Applying Rule 1 of the Rules of Civil Procedure which provides that they shall be construed to secure the just, speedy and inexpensive determination of every action, we must hold that, even if the clerk has not strictly complied with Rule 4(*b*) in connection with 12(*a*), the facts of this case show that substantial compliance was had with those rules and this is sufficient. *Codd* v. *Westchester Fire Ins. Co., supra; Spokane Merchants' Ass'n* v. *Acord, supra.*

The petition for certiorari is granted, the decision of the lower court is set aside and the case is remanded for further proceedings not inconsistent with this opinion.