Flora Rodríguez Rodrigo, peticionaria, *v.* Tribunal de Distrito de San Juan, Hon. Rafael Cordovés Arana, Juez, demandado; José Capó Caballero, Luis E. Alfaro e Indemnity Insurance Co. of North America, interventores.

Núm. 1703.—*Sometido:* Noviembre 5, 1947.   *Resuelto:* Marzo 17, 1948.

*Harry B. Llenza,* abogado de la peticionaria; *Juan Enrique Géigel y Guillermo Silva,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este Tribunal expidió el presente auto de *certiorari* para revisar una resolución del Tribunal de Distrito de San Juan que declaró nulo un emplazamiento. La resolución fué predicada en haberse expresado en el emplazamiento que los demandados debían notificar su contestación al abogado de la demandante "dentro de los diez días de haber sido diligenciado este emplazamiento excluyéndose el día del diligenciamiento". Los demandados fueron emplazados personalmente en el distrito de San Juan. Entendiendo éstos que el emplazamiento no cumplía con las disposiciones de la Regla 4(*b*) en relación con la 12(*a*) de Enjuiciamiento Civil, solicitaron del Tribunal de Distrito que decretase la nulidad del emplazamiento, dictándose, con tal motivo, la resolución objeto de este recurso.

Dispone la Regla 4(*b*) que el emplazamiento hará constar "el plazo dentro del cual exigen estas reglas que comparezca el demandado para defenderse". Y la Regla 12(*a*) tratando de ese plazo, prescribe que será de diez días a partir de la fecha en que se le hubiere servido copia del emplazamiento y de la demanda, si la citación se hiciese en el distrito en que se promueve la acción; dentro de veinte días si se hiciese fuera de dicho distrito, pero en la Isla de Puerto Rico; y dentro de cuarenta días si se hiciese fuera de Puerto Rico. Completando lo que dejó de especificar la Regla 4(*b*) con lo provisto en la 12(*a*), llegaremos a la conclusión de que el plazo a que se refiere la Regla 4(*b*) y que, de acuerdo con la misma, deberá hacerse constar en el emplazamiento, es el indicado en la Regla 12(*a*). Por consiguiente, tenemos que convenir con el Tribunal inferior en que el secretario no cumplió estrictamente con la Regla 4(*b*) complementada por la 12(*a*) al expedir el emplazamiento en este caso.

Arguye la peticionaria—la demandante en el caso principal—que se cumplió sustancialmente con la Regla 4(*b*) porque la citación se hizo en el distrito donde se promovió la acción, en cuyo caso el término para comparecer es de diez días y precisamente fué ése el plazo que se indicó a los demandados en el emplazamiento. Replican éstos, sin embargo, que en el momento en que el Secretario expide el emplazamiento, no sabe ni debe presumirse que esté en condiciones de saber, si el demandado será citado en el distrito en que se promueve la acción, en algún otro distrito o fuera de Puerto Rico y que el hecho de haber sido citado dentro del distrito es una mera coincidencia que no convalida el emplazamiento. Pero no debemos perder de vista que el objeto principal del emplazamiento es dar aviso con certeza del plazo fijado por la ley dentro del cual el demandado debe comparecer a defenderse y advertirle, además, de las consecuencias que pudieran sobrevenirle si deja de hacerlo dentro de dicho plazo. *Codd* v. *Westchester Fire Ins. Co.*, 128 P.2d 968 (Wash. 1942) y *Spokane Merchants' Ass'n.* v. *Acord,* 170 Pac. 329 (Wash. 1918).

En el presente caso los demandados fueron notificados del plazo que precisamente tenían para comparecer. El hecho de que el secretario no hiciera constar los otros dos plazos a que se refiere la Regla 12(*a*) no pudo causarles perjuicio alguno toda vez que dichos dos plazos no les eran aplicables por haber sido emplazados en el distrito en que se promovió la acción. Aplicando la primera de las Reglas de Enjuiciamiento Civil que prescribe que las mismas se interpretarán en forma tal que garanticen una solución justa, rápida y económica de toda acción debemos resolver, que si bien el secretario no cumplió estrictamente con la Regla 4(*b*) complementada por la 12(*a*), las circunstancias de este caso demuestran que se cumplió sustancialmente con dichas Reglas y esto es suficiente. *Codd* v. *Westchester Fire Ins. Co.,* supra; *Spokane Merchants' Ass'n.* v. *Acord,* supra.

420

*Procede declarar con lugar la petición de certiorari, anular la resolución recurrida y devolver los autos a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*